POOR QUALITY ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MYKING LAPRESE SMITH,
Plaintiff,

v.

VITALCOREHS., a Foreign Corporation; JULIANNA MARTINO, [Hum]; HAROLD OBIKAR; Dr. MAHIR H. AL-SALAMNI; KIM FARRIS, [PA]; DANIELLE MAGNUSON [NP]; COLLEN EDGINGTON [RN]; ANDREE DILLAWAY; JOHN PAVITT [RN]; RYAN SILVERTHORN [RN]; VIRGINIA MERRITT [RN]; CANDY DONAHUE [RN]; CYNTHIA MCINNIS [RN]; KYLE FITCH [RN] sued individually and in their official capicity,
Defendant(s).

Case: 2:25-cv-11898
Assigned To : Grey, Jonathan J.C.
Referral Judge: Grand, David R.
Assign. Date : 6/24/2025
Description: PRIS MYKING SMITH v. VITALCOREHS ET AL. (JB)

## I. JURISDICTION AND VENUE

1. This is a Civil action authorized by 42 USC Section 1983 to redress the deprivation under the color of state law of rights secured by the Constitution of the United States. The Court has the Jurisdiction under 28 USC Section 1331 and 1343 (a) (3). Plaintiff seeks declaratory relief pursuant to 28 USC Section 2201 and 2202. Plaintiff's claim(s) for injunctive relief are authorized by USC Section 2283, 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Eastern District is the appropriate venue under 28 USC sec. 1391(b) (2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff Myking Laprese Smith, is and was at all times mentioned herein a prisoner of the State of Michigan in custody of the Michigan Department of Corrections. He is currently confined at the Macomb Correctional facility, in Lenox Township, MI.

## III. DEFENDANTS

4. Defendant VitalcoreHS (Vitalcore) is a for-profit corporation organized under

laws of a State outside Michigan, doing business in the Eastern District of Michigan at the time of the events detailed in this lawsuit.

5. At the time of the events detailed in this complaint, VitalcoreHS was enganed under a contract with the State of Michigan or MDOC to provide health care and nursing services to prisoners under the jurisdiction of MDOC, including Plaintiff and others residing at MRF.

6. At the time of the events detailed in this complaint, Defendant Andree Dillaway [RN] was employed by Defendant vitalcoreHS (Vitalcore) to provide medical services to prisoners under the jurisdiction of MDOC including Plaintiff and others residing at MRF.

7. At the time of the events detailed in this complaint Defendant Andree Dillaway was acting under the course of her employment by (Vitalcore).

8. At all times of the events detailed in this Complaint Defendant (Vitalcore) and Andree Dillaway [RN] were acting under the color of State law as a result of the contract between (Vitalcore) and MDOC.

9. At the time of the events detailed in this Complaint, Defendant Juliana Martino [HUM] was employed by VitalcoreHS (Vitalcore) to provide medical services to prisoners under the jurisdiction of MDOC including Plaintiff and others residing at MRF serious medical needs.

10. At the time of the events detailed in this Complaint Defendants (Vitalcore) and Hum Martino were acting under the color of State law as a result of the contract between (Vitalcore) and MDOC.

11. At the time of the events detailed in this Complaint, Defendant dr. Harold Obiakor, Dr. Obiakor was employed by Defendant VitalcoreHS (Vitalcore) to provide medical services to prisoners under the jurisdiction of MDOC, including Plaintiff and others residing at MRF.

12. At the times of the events detailed in this complaint, Defendant Dr. Obiakor was acting in the course and scope of his employment by (Vitalcore).

13. At the time of the events detailed in this Complaint, Defendants (Vitalcore) and Dr. Obiakor were acting under the color of State law as a result of the contract between (Vitalcore) and MDOC.

14. Defendant Dr. Mahir H. Alsalamni at the time of the events detailed in this complaint was employed by Defendant (Vitalcore) to provide medical services to prisoners under the jurisdiction of MDOC, including Plaintiff and others residing at MRF.

15. At the time of the events detailed in this Complaint, Defendant Dr. Alsalamni was acting in the course and scope of her employment by (Vitalcore).

16. At the time of the events detailed in this Complaint, Defendant (Vitalcore) and Dr. Mahir Alsalamni were acting under the color of State law as a result of the contract between (Vitalcore) and MDOC.

17. Defendant [PA] Kim Farris, at all times of the events detailed in this Complaint is a Physician Assistant contractor for MDOC who is employed by (Vitalcore) to provide health care services being academically and clinically prepared to practice medicine under the supervision of a licensed doctor of medicine or osteopathy to MDOC prisoners, including Plaintiff and others residing at MRF.

18. At the time of the events detailed in this Complaint, Defendant [PA] Kim Farris was in the course and scope of her employment by (Vitalcore).

19. At the time of the events detailed in this compliant, Defendants (Vitalcore) and [PA] Kim Farris were acting under the color of State law as a result of the contract between (Vitalcore) and MDOC.

20. Defendant [NP] Danielle Magnuson at the time of the events detailed in this Complaint is a Nurse Practitioner contracted for MDOC who is employed by (Vitalcore) to provide health care services being a registered nurse who has advanced education in nursing collaborating with other health care providers to deliver pri-

mary care patients with common acute or stable chronic medical conditions in a ambulatory care setting and offering a variety of services such as complete physical examinations, health assessments and patients educations to prisoners under the jurisdiction of MDOC, including Plaintiff and others residing at MRF.

21. At all times of the events addressed in this Complaint, Defendant Magnuson acted in the course and scope of her employment by (Vitalcore).

22. Defendants (Vitalcore) and [NP] Magnuson also in the course of these events did act under the color of State law as a result of the contract between (Vitalcore) and MDOC.

23. Defendant [RN] Collen Edgington (Edgington), at the times of the events detailed in this complaint was employed by MDOC to provide nursing healthcare services, being concerned with the diagnosis and treatment of human responses to actual or potential health problems to MDOC prisoners including Plaintiff and others residing at MRF.

24. Defendants [RN] Virginia Merrit, and Kyle Fitch, at the time detailed in this complaint were employed by MDOC to provide healthcare and nursing services such things concerning with diagnosis and treatment of responses to actual or potential health problems to MDOC prisoners, including Plaintiff and others residing at MRF.

25. Defendant [RN] Andree Dillaway (Dillaway) at all times of the events detailed in this Complaint, was employed by MDOC to provide healthcare services such as being concerned with the diagnosis and treatment of human responses to actual or potential health problems to MDOC prisoners including Plaintiff and others residing at MRF.

26. At the times detailed in this Complaint, Defendant [RN] John Pavitt (Pavitt) was employed by MDOC to provide healthcare and nursing services such as diagnosis and treatment of human response to actual or potential health problems to MDOC prisoners including Plaintiff and others residing at MRF.

27. Defendant [RN] Ryan Silverthorn was employed at the time of the events detailed

in this Complaint was employed by MDOC to provide healthcare and nursing services from being educated and licensed in the practices of nursing with the skilled ability to diagnose and treat human responses and handle actual or potential health problems of MDOC prisoners, including Plaintiff and others residing at MRF.

28. At the times detailed in this Complaint, Defendant [RN] Candy Donahue (Donahue) was employed as a Registered Nurse by MDOC to provide health care and nursing services to MDOC, including Plaintiff and others residing at MRF.

29. Defendant [RN] Cynthia McInnis (McInnis), as a Registered Nurse was employed by MDOC to provide health care and nursing services to MDOC prisoners, including Plaintiff and others residing at MRF.

30. At the times detailed in this Complaint, Defendants Edgington, Merrit, Fitch, Dillaway, Pavitt, Silverthorn, Donahue and McInnis, each of them were acting under the color of State law through their employment by MDOC.

32. Plaintiff's cause of action arose in whole or in part at the Macomb Correctional Facility in the Eastern District of the State of Michigan.

33 Each Defendant mention above from 4 to 30 are being sued individually and in their official capacity. At all times mentioned in this Complaint each Defendant has acted under the color of State law.

34. Plaintiff seeks recovery under 42 USC § 1983, as well as Michigan State law

35. Plaintiff invokes this Court's jurisdiction under 28 USC § 1331 and 28 USC §1343 to entertain Plaintiff's cause of action under Federal law, and its jurisdiction under 28 USC § 1367 to entertain Plaintiff's state claims.

36. Venue properly lies within this District under 28 USC § 1391(b), as Defendants provided their services in this District, and the events given rise to Plaintiff's cause of action occurred in this District.

37. Pursuant to 42 USC § 1983, and other applicable laws, the Court may award nominal, compensatory and punitive damages, as well as equitable relief against all of

the Defendant's in their individual capacity for the violations of Myking Smith's constitutional rights and harm caused by their actions/inactions.

IV. FACTS

38. Plaintiff Myking Smith (Smith) is a man over the age of 50 who has been incarcerated in the Michigan Department of Corrections (MDOC) for almost a decade. He has been wheelchair bound since before he came to prison and since before the time of his incarceration has been continually receiving medical attention for his condition.

39. Plaintiff Smith has been labeled a habitual irritator for his unwillingness to be silent when in need of medical attention and not being provided as his right to have when in need in a State facility. When being denied, Plaintiff will not hesitate to write a grievance concerning the matter. Plaintiff has filed many grievance detailing the types of denial of medical attention which includes but not limited to: denied being placed on a callout to be seen by a medical staff when properly kited for medical attention being denied medicattion months at a time leaving Plaintiff in a state of constant severe pain, having medical supplies being taken away from him as a form of retaliation for writing grievances on some of the staff at healthcare and such the like.

40. It has been proven that some of the Defendant(s) have falsified Plaintiff's medical records and wrongfully denying Plaintiff Smith access to medical care.

41. Over the course of Plaintiff Smith's incarceration, he has been repeatedly and continually abused by many MDOC and (Vitalcore) officials which have increasingly worsen since he began filing grievances complaining about his lack of medical attention, as Defendants have combated Plaintiff Smith by harmful retaliatory actions

42. Specifically, the defendants, as are being described herein, have taken affirmative steps in ensuring that Plaintiff Smith "not" receive medical care for his serious medical needs. To make matters even worse, they have prevented and blocked Others from treating Smith's serious medical needs.

43. On 4-21-2023, Plaintiff was taken for a follow up appointment at Pinnacle Dermatology to address my medical condition with Dr. Awosika. While at the follow up the Dr. asked Plaintiff Smith what took him so long for him to come back for his follow-up. Confused as to why she had asked that question Plaintiff Smith as what she meant by that. Dr. Awosika said to Plaintiff that after his last visit with her in August of 2022, that she notified the MDOC that Plaintiff needed to return for a follow up within 4-6 weeks of his last visit. Plaintiff informed the doctor that he had been notifying the medical staff, seeking medical attention regarding his dermatology issue, specifically Juliana Martino, Kim Farris and Dr. Al-Salmani, complaining as to why I had not been returned for my follow up or even received any medication that was prescribed by Dr. Awosika and was continually being denied medical treatment, attention and assistance by the 3 mentioned Defendants who never looked in to me receiving assistance regarding my dermatology issue. They would only say they knew nothing about it and they were the only ones who could see to it that I receive medical attention regarding this issue.

Not only did it take 8 months and grievances to be filed for me to be able to get returned to the specialist for a follow up that should have been done within 4 to 6 weeks of my initial visit, but the above three mentioned Defendants who at the time were the ones to provide the assistance that I needed - they never provided me with a treatment plan, instruction for the type of care that I needed ~~to~~ have that was ordered by Dr. Awosika. They deliberately failed to provide any assistance for me to get the follow up treatment that was actually sent to them by Dr. Awosika, leaving me to continually be in a state of suffering when I could have receive treatment and properly been healed.

44. Because of Defendant's Juliana Martino, Kim Farris and Dr. Al-Salmani's lack of medical care Plaintiff's conditioned worsened, causing him more damage.

45. Plaintiff Smith grieved this matter exhausting all of his state remedies.

46. Plaintiff Smith exhausted all of his state remedies against [Hum] Juliana Martino [PA] Kim Farris, and [Dr.] Al-Salamni trying to resolve the matter to no avail through the prison grievance process, filing his first step grievance on 4-26-2023, grievance Id. no MRF-23-04-0834-12Z1. This was partially resolved but not all. It was sent back on 5-19-2023. He then filed his second step on 6-5-2023, which was denied on 6-30-2023. He then filed his Third step grievance on 7-1-2023, which was denied on 8-1-2023.

47. On 12-7-2021 was an issue that occurred before the one previously mentioned with [Dr.] Mahir H. Al-Salamni, [PA] Kim Farris, who conspired with some of the other Defendants [RN] Danielle Magnuson, and [RN] John Pavitt, to deny me medical treatment, treating me very inhumane where deliberate indifference can be established being done towards Plaintiff Smith. Some of their acts of misconduct was witness by Plaintiff's at the time aide, prisoner Banks #379350. During this time Plaintiff Smith, during this time had serious medical complications of bleeding from his scrotum and buttocks where the treatment required the use of additional medical supplies (i.e. medical wipes, antibacteria soap etc.). Plaintiff Smith use the prisoner medical process system of how get medical attention by writing kites multiple times to the above named Defendant's to receive medical assistance, who during that time failed to provide any medical assistance with supplies, knowing the situation and condition of Plaintiff and deliberately, willfully, an intentionally deny Plaintiff Smith medical treatment.

48. The above mentioned Defendants had become deliberately indifferent to Plaintiff as they were well aware of Plaintiff Smith's serious medical needs and were intentionally neglectful in providing medical care, one being Dr. Al-Salamni who told Plaintiff Smith that Lansing will only allow a prisoner to receive medical wipes twice a month. This Plaintiff knows to be false he knew of other prisoners who were housed in the same unit as he was that were receiving medical wipes once a week (meaning 4 per-

month)

49. Defendant Dr. Al-Salamni who having met with Plaintiff Smith, had his medical records, knew of all his medical complications and how they collectively contributed to the severity of his problems, made it clear that he, during a meeting with Plaintiff would only address one medical issue with Plaintiff. This was not even feasible understanding that with the complications involving the severity of Plaintiff's medical problem, you could not speak on one problem without the others problems that a ided or assisted in complicated Plaintiff's problems. Knowing the severity of the of Plaintiff Smith's medical problems that he had Dr. Al-Salamni that he would look into Plaintiff's condition and needs for medical assistance, but to date has failed to provide any form a treatment to even a minimal reasonable manner. No follow-ups, no examinations, no proper medications, no answering of urgent kite requests. Dr. Al-Salamni continues to know about Plaintiff's serious medical needs and does nothing to provide treatment at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards.

50. To make matters worse (upon information and belief), Defendant Dr. Al-Salamni has taken steps to prevent and block others from treating Plaintiff Smith's serious medical needs. His private meetings with the [Hum] Juliana Martino and [PA] Kim Farris have shown to taken affirmative steps to ensure that medical supplies (which Plaintiff Smith actually had in his possession) were taken away. Medical equipment that other medical professionals had approved and provided him with. These Defendants together have caused medications to not be ordered for months, and medications that had been ordered to sit in healthcare for months before given them to Plaintiff Smith. Being a prisoner of the State Plaintiff can only receive medication when he is called out by healthcare staff or on a healthcare visit, and if healthcare cancels the visit Plaintiff has to wait on healthcare staff to place him on another callout and if they do not call him out, he does not get his medication. On many occasions medical staff

has repeatedly and intentionally cancelled healthcare callouts on Plaintiff. They Place him on a callout and when he comes to the callout staff would make him wait in the lobby then come out and tell him his callout is being cancelled with no explanation.

51. The above mentioned Defendant's have been fully informed and knowledgeable of Plaintiff's medical condition and type of treatment he is in constant need of and the seriousness of Plaintiff's condition and have continually failed to provide treatment at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards, and they have on repeatedly and deliberately failed to respond appropriately to Plaintiff's medical needs intentionally, being deliberately indifferent.

52. Defendant John Pavitt, a [RN] played a pivotal role in the scheme or denying Plaintiff medical treatment in conjunction with [NP] Danielle Magnuson, [PA] Kim Farris [Hum] Juliana Martino and Dr. Al-Salamni. When he would kite the doctor or the NP or the PA regarding a specific medical need regarding the chronic pain he was having in his back needing treatment, Plaintiff would have to file multiple grievances due to the medical providers (NP's, PA's and Dr.'s) failure and/or deliberate unwillingness to see Plaintiff Smith regarding his serious medical issue, (upon information and belief), they would use [RN] John Pavitt as one of the nurses to call Plaintiff out for a callout and when he comes over to be seen he would cancel the callout or say he was only calling Plaintiff out to address a matter that was of non-importance and not in regards to anything that Plaintiff Smith had been kiting to have addressed which was and still is very important, continually leaving Plaintiff in a physical state of constant suffering. This they would do on a continual basis intentionally.

53. There is a specific time when Defendant [PA] Kim Farris denied Plaintiff medical treatment. On 2-2-2023 Plaintiff had an appointment with [PA] Kim Farris. He went to his callout to discuss his medical issue an be examined [PA] Kim farris canceled

the callout. This was regarding a serious matter that needed medical attention as it was regarding a continual rectal bleeding [PA] Farris has on a repeated basis, cancelled Plaintiff's healthcare callout and would push her duties off on a registered nurse [RN] who does not have the experience, knowledge nor criteria to address what type of pain or bleeding Plaintiff was experiencing - leaving Plaintiff to suffer so much physical damage and harm from her neglect of medical treatment. Plaintiff had to grieve the matter all the way to the third step because the matter has never been resolved.

54. On 4-21-2023, Defendants [NP] Juliana Martino, [PA] Kim Farris, and Dr. Al-Salmani in another incident (among information and belief) came together intentionally to deny Plaintiff Smith medical treatment by failing to send him to his ordered dermatology follow-up appointment where he has been suffering from serious skin rash and complications He originally saw Dr. Awoski, a dermatologist at an outside of prison dermatology facility, where he received an exam, medical treatment, tests and medication to treat the condition. Dr. Awoski prescribed medication for Plaintiff Smith to take when he went back to the prison. She also ordered for him to have a follow up done to be reexamined and determined if the medication had been working This was suppose to have been done within approximately within 90 days. After eight months of the original appointment, these three Defendants who are in the position to schedule the appointment and prescribe to proper medication never did leaving Plaintiff to be in a worsen skin condition from the lack of medical treatment and failure to schedule the follow-up ordered by Dr. Awoski and failure to order the right medication that was prescribed by Dr. Awoski.

55. Plaintiff filed his first step grievance regarding this matter on 4-26-2023, and was denied on 5-19-2023. He filed his second step on 6-5-2023 was denied on 6-30-23 Filed his 3rd step on 7-1-2023 and was denied on 7-31-2023. This was a continual pattern with Defendants [PA] Kim Farris and Dr. Al Salamni conspiring with other medical staff to deny Plaintiff medical treatment as Plaintiff had filed a grievance ag-

ainst these two along with [NP] Danielle Magnuson [RN] John Pavitt and [HUM] Juliana Martino as previously discussed - his **1st** step on 12-11-2021 and denied on 12-27-21 **2nd** step filed on 1-7-2022 and denied on 2-7-2022, **3rd** step file on 2-9-2022 and denied on 3-10-2022.

56. There is a history of medical abuse, neglect and mistreatment done by Defendants [NP] Danielle Magnuson, specifically on April 2, 2024, where Defendant Magnuson was derelict in her duty as a nurse practitioner Plaintiff on this date went to health care as he was scheduled to see [NP] Danielle Magnuson at 14:15 (military time) to address a chronic medical matter. Plaintiff went to healthcare and Defendant Magnuson came out in the lobby and told Plaintiff that she was not going to see him because she saw him in January which was 3 months prior to his present visit. Plaintiff Smith is a chronic care patient with serious medical needs due to his condition. Defendant Magnuson has on repeated basis put Plaintiff Smith on a healthcare callout to see him and when he comes over to healthcare she cancels his callout leaving him in a continual state of suffering **knowing his condition** and neglecting to treat him intentionally showing deliberate indifference.

57. Plaintiff Smith in this matter filed his **1st** step grievance on 4-2-2024, and was denied on 5-28-2024, his **2nd** step filed on 6-23-2024 and denied on 6-26-2024. His **3rd** step filed on 6-27-2024 and was denied on 7 18-2024. As states earlier, this has been a repeated occurrence of neglect committed by Defendant [NP] Danielle Magnuson deliberately denying Plaintiff Smith of medical treatment.

58. To present a habitual matter of medical neglect on Defendant Danielle Magnuson on 6-9-2023, Plaintiff filed a grievance against Defendant Magnuson due to Plaintiff Smith's incident of him suffering from having migraines, dizziness, rashes on his face and body, having burning urine and sharp pain in his abdomen area (which he was supposed to have been provided medication for as these medical issues has kept Plaintiff Smith bed ridden on many occasions from receiving no medical treatment) was

called to medical for an unrelated matter to see [NP] Danielle Magnuson. While there Plaintiff Smith addressed a medical emergency with Defendant Magnuson regarding the migraines, dizziness, the burning urine and sharp pain in his abdomen that was presently occurring and needing medical attention. Defendant [NP] Danielle Magnuson then disregarded his medical emergency and need for immediate medical attention and told Plaintiff that she was not there to talk about nothing urgent and to write a kite. She then went on to say that she did not know what to tell Plaintiff Smith and she never listened to his urgent matter either. This has been a history of this Defendant Danielle Magnuson deliberately denying Plaintiff medical treatment and very knowledgeable about Plaintiff's medical condition.

59. Plaintiff filed his 1st grievance on Danielle Magnuson regarding this matter on 6-9-2023, which was denied on 6-30-2023. He filed his 2nd step on 7-19-2023 which was denied on 9-14-2023. He then filed his 3rd step on 9-17 2023 which was denied on 9-21- 2023. This was a showing of Defendant Danielle Magnuson's acts of bring deliber ately indifferent and retaliation against Plaintiff Smith on filing grievance on her.

60. On 3-9-2023 Plaintiff Smith filed a grievance on Defendant Danielle Magnuson due to her denying him an appropriate medical mattress and pain medication from the medical condition that he has been suffering with his back. Defendant Magnuson would tell Plaintiff that the mattress was delivered to Plaintiff's unit on 8-26-2022, but Plaintiff was on a medical run (out of the facility) on that day so he did not receive, the mattress. He was then told that that the facility did not have anymore mattresses while another nurse informed Plaintiff that there were some in the wharehouse of the facility. (This was confirmed by the warehouse supervisor). Not one time for months did Defendant Danielle Magnuson nor any other medical staff (despite knowing the severity of Plaintiff's severe level of pain) bothered to provide Plaintiff with the medical mattress or pain meds. Plaintiff filed grievances to all three steps regarding this matter.

61. On 1-23-2025 Plaintiff Smith filed a grievance against Defendant [NP] Danielle Magnuson in regards to her failing to order the medication for Plaintiff that was prescribed to him by the dermatologist upon his last at the time visit.

62. On 4-8-2024, Plaintiff Smith had an off sight medical run to see his dermatolog ist regarding the serious skin issue requiring medical treatment. He was prescribed medication and ordered to have a follow up after 90 days of the use of his medication to see if there was any progress from the treatment. It was Danielle Magnuson's duty to order the medication and schedule the appointment for Plaintiff to have his follow up. This did not happen for almost a year. After speaking with nurse Maria Brinkey at a visit to the prison health care unit in 2025, and her reviewing his medical record, Plaintiff finds out from nurse Maria Brinkey that [NP] Danielle Magnuson had never put the order in for Plaintiff Smith to get his dermatology medication, nor did she schedule Plaintiff to have his follow up appointment that was ordered to be had a ter the 90 days by the dermatologist (which she knew because she had his medical record and it was her job to make sure the appointment was scheduled and medication was or- dered, and with no excuse failed to do so.)

63. Plaintiff filed his first step on 1-23-25, which was denied on 2-18-25 His sec- ond was filed on 2-28-25 which was denied on 3-17-25. His Third step was filed on 3- 18-25 which was denied on 4-9-2025. This was a continual showing of deliberate indi fference and retaliation against Plaintiff for writing grievances on Defendant Magn- uson for her constant failure to provide medical treatment for Plaintiff as this was her job.

64. As documented in Plaintiff Smith's medical records, he has been complaining about a severe medical issue with his back that leaves him in a continual state of extreme pain. Such an issue that his back would go out leaving him bed ridden due to the se- vere pain that he would be in. He had been utilizing the prisoner's medical kite sy- stem to address this matter seeking accommodations for a medical mattress to be pro

vided to assist in being part of the treatment process. Since March 6, 2023, Plaintiff has been seeking assistance with this issue and has not been receiving the proper medical assistance regarding this matter. He received a mattress that was not conducive to his medical situation of his back. This he had been going back and forth for over a year complaining about the mattress he had been given and how it was not providing the appropriate assistance needed to help his back.

65. The facility has the type of mattress that he needs but healthcare would continually deny providing the proper mattress that Plaintiff needed which was a softer medical mattress that was available, but kept refusing to to issue out.

66. After months of suffering extreme pain and complaining about his back pain [RN-13] Kyle Fitch came to Plaintiff's cell to do an (alleged) inspection of the mattress that Plaintiff stated was causing him so much pain. The inspection was to determine "the hardness" of the mattress causing the problem and conclude if a softer medical mattress should be given. On 11-15-2024, [RN] Kyle Fitch came to Plaintiff's (prisoner) Smith's cell lifted up the bed sheet on the mattress looked at the mattress, let the sheet back down and walked out. This was witnessed by the Correctional Officer Jones and Plaintiff's bunkie who saw everything that occurred. Defendant Kyle Fitch then makes a report of his findings of his inspection and says he conclude that Plaintiff does "not" need a new mattress because there was no (tears/leaks) in the current mattress that Plaintiff had. This issue was "never" about having any tears or leaks, it was about how "hard and stiff" the current mattress was and the suffering Plaintiff was going through because of his medical condition and the lack of treatment he was receiving from not being provided the right medical mattress. It should be noted that Defendant [RN] Kyle Fitch never did a real inspection as he alleged in his report.

67. Plaintiff filed his 1st step grievance on Defendant [RN] Kyle fitch regarding the matter on 11-28-2024 which was denied on 1-16-2-20, 2nd step filed on 1-23-2025, and

denied on 3-6-2025, he then filed his 3rd step on 3-11-2025 which was denied on 3-26-2025, exhausting all his state remedies with the grievance process.

## V. Legal Claims

68. As shown in the facts mentioned above, Plaintiff has demonstrated that each Defendant mentioned in this suit has had detailed information of the type of medical attention that Plaintiff was in need of and has deliberately and intentionally sought to deny Plaintiff reasonable treatment. From each grievance written on each Defendant Plaintiff explained in detail how each Defendant was not only negligent in their care for Plaintiff Smith's medical needs, but how they intentionally deprived Plaintiff of any proper, adequate medical treatment with evidence from the grievances that will show how the Defendants acted with Deliberate indifference.

69. With Plaintiff's grievance that he filed on 12-7-2021. Grievance Id. no. MRF-21-12-2703-12D, Defendant [Dr.] Mahir H. Al-Salamni, [PA] Kim Farris [NP] Danielle Magnuson, and [RN] John Pavitt all worked together to deny Plaintiff medical treatment

70. Plaintiff had been trying to get his serious medical needs addressed since he had arrived to the facility on October 11, 2021. He had sent multiple kites to healthcare regarding him bleeding from his scrotum and buttocks where he needed additional medical supplies to treat his medical condition. Instead of checking the medical records Dr. Alsamni lied and said that Lansing will not give you more and that they denied Plaintiff his wipes. Plaintiff being frustrated suffering from the bleeding and the pain that he was in the Dr. just leaves without even examining Plaintiff. He even had seen Plaintiff's chart which showed that his wipes were not discontinued as he had stated.

71. There has been numerous occasions where Plaintiff to this date has had to file multiple grievances on the above mentioned Defendants who have continually intentionally and wilfully denied Plaintiff Smith medical treatment - withholding medication denying medical supplies, cancelling doctors appointments taking away needed medical

supplies prescribed to him by doctors causing Plaintiff to go through severe pain and receiving physical irreparable damages to his body due to their neglect knowing his medical condition and willfully continue to deny him medical treatment.

72. For grievance Id. no **MRF-2112-2703-12D**, Plaintiff filed his first step on 12-7-2021 which was denied on 12-17-2021. His second step filed on 1-7-2022 and denied on 2-8-2022, his third step filed on 2-10-2022 and denied on 3-10-2022.

73. Defendant [RN] Andrée Dillaway played a major role in denying Plaintiff Smith of medical supplies that were necessary for him to have in treating his medical condition. He has a medical complication in his rectum and scrotum area that if not properly treated on a daily basis could end up causing him to get an infection that results in severe bleeding.

74. In this grievance that was filed Defendant Andree Dillaway was witnessed saying out of her own mouth. "I know Smith is going to bitch' but '**this is all he's getting**' because my paperwork says he already received everything else." Even after, Plaintiff tried to explain the issue of the lack of supplies, she refused to provide was Plaintiff was prescribed to receive. Knowing what Plaintiff was suppose to have she willingly and intentionally denied Plaintiff of prescribed medical treatment that she was not authorized to do.

75. The first step grievance was filed on 7-2-2023 and was denied in July of 2023, he then filed his second step on 8-29-2023 which was denied on 9-19-2023. On 9-21-2023 Plaintiff filed his third step grievance which was denied on 11-2-2023 exhausting all his state remedies with Defendant [RN] Andree Dillaway.

76. Defendant [RN] Collen Edgington at all times in the course of her conduct in this matter had a significant part in causing injury to Plaintiff with her acts of denying Plaintiff medical treatment. She payed a particular part in making sure that Plaintiff could not get his medication renewed and details/accommodations to lapse before renewing them. Defendant Collen Edgington lied to Plaintiff telling him that his li-

quid soap had been discontinued, then later informed him that he would be put on a callout for a chart review, and later still told Plaintiff that if he wanted a refill of his liquid soap he had to bring an empty soap bottle. (**Please note**), this here was "**after**" she told him that his soap had been "**discontinued**" that she said he could get a refill of the same soap tha was suppose to be no longer available.

77. This denial of medicated soap went on for weeks all while **knowing** Plaintiff's medical condition of having breakouts bleeding and bedsores. This was the only soap that Plaintiff could use being intentionally denied this soap caused Plaintiff to go through a period of suffering from bleeding and pain from the lack of not being able to properly clean himself. This caused Plaintiff to suffer unnecessary pain to his existing injuries.

78. Plaintiff Smith filed his first step grievance on 1-5-2023 which was denied on 2-24-2023; the second step was filed on 3-8-2023. On 4-3 2023 his second step was denied. On 4-5-2023 Plaintiff filed his third step which was denied on 6-5-2023 exhausting all of his state remedies.

79. On 1-25-2023 Plaintiff filed a grievance on Cynthia McInnis, Ryan Silverthorn, and Collen Edgington for their failure to provide medical treatment for matters that deeded immediate medical treatment. Plaintiff had issues of continual bleeding in his groin area (which he showed [RN] McInnis), occasional blood in his stool, issues of bed sores, rashes and sharp pain due to a recent fall, as well as his HPV shot and shower chair not being provided. Each of these medical issues the afore mentioned Defendants had after dozen of chart reviews later still had not allowed Plaintiff to see a medical provider to addressed these medical needs nor provided any medical assistance for his current problems.

80. In the response to this grievance it was stated that the record indicated that he had been assessed for multiple complaints on 1-19-2023 which as stated in Plaintiff's grievance showed to be inaccurate. As stated in the grievance upon the nurse looking

at Plaintiff's record on the computer, they said the only they saw for review was for the rash - showing the response to be inaccurate and information fabricated Plaintiff's first step grievance was denied on 2-13-2023. His 2nd step was filed shortly thereafter which was denied on 3-20-2023. He then filed his 3rd step a couple of days later which was denied on 4-17-2023 exhausting all of his state remedies. It should be noted that each time regarding these matters, the Defendants were very well informed and knowledgeable of Plaintiff's medical issues and need for urgent treatment and continually sought to deliberately deny Plaintiff medical treatment "**for months**" at a time.

81. On 1-6-2023 Plaintiff filed a grievance on Defendant [RN] Ryan Silverthorn who failed to provide emergency medical attention (of needing to go to the hospital for a matter of a continual bleeding issue) and Defendant's [RN] reason for not sending him to the hospital was: "**I'm just so stressed**", disregarding the worsening of Plaintiff Smith's need for emergency hospis medical attention.

82. Plaintiff's 1st step was denied on 2-13-2023. His 2nd step was filed on 3-8-2023 and was denied on 3-10-2023, 3rd step filed two days later and was denied on 4-20-2023, exhausting all state remedies.

83. Upon information and belief, it has been reported that Defendant [PA] Kim Farris has had multiple law suits filed against her for many acts of medical fraud, malpractice, abuse, being deliberate indifferent and neglect towards inmates on many occasions - and has been shown in court that she is guilty of committing those same acts that she has done to me.

84. Plaintiff filed a grievance against defendant [RN] Cynthia McInnis, who is suppose to operate in a professional manner acted completely contrary to such professionalism when on 1-76-2-2023 she came to Plaintiff's unit to provide him with some medical nasal spray. While handing Plaintiff his medical nasal spray he asked [RN] Cyntnia McInnis about on of the medications that he was given that he had issues with

Defendant McInnis responded in an aggressive manner towards Plaintiff saying "we'll you need to tell that to a doctor. Plaintiff stated his issue with that statement and explained that he had seen many nurses in regards to that matter and was never put on a callout to see a doctor to address this issue (one being nurse Candy Donahue who on many occasions who on many other occasions has denied Plaintiff medical treatment, supplies and medication knowing the severity of his issues and the need for receiving medical treatment - but [RN] McInnis, during this incident turned her back on Plaintiff and ignored him, when she got tired of his trying to get her attention, she told him, in an aggressive manner while putting her finger in his face "your always asking for something, we're tired of your shit". She then snatched the nasal spray she gave him out of his hands, broke the top and said "talk to someone else I'm sick of this shit, write that up." This while leaving Plaintiff with no medication at all Plaintiff addressed this neglect, abuse, denial of medical treatment in grievance Id. no. MRF-2301-0097-12E. He filed his first step on 1-11-2023, which was denied on 3-1-2023, his 2nd step was filed on 3-8-2023 and was denied on 3-10-2023, his 3rd step filed on 3-13-2023, which was denied on 4-20-2023 exhausting all state remedies regarding this matter.

85. With grievance Id. no. MRF-2301-173-12Z1 [RN's] Ryan Silverthorn, Collen edgington, Cynthia McInnis and Candy Donahue played a pivoted role in causing harm to Plaintiff Smith, knowing his medical condition and the attention that he needed for treatment and failed to provide any reasonable medical assistance causing Plaintiff to suffer injuries and physical damage to his body due to the lack thereof.

86. Such neglect is also shown with Defendant [RN] Virginia Merritt in grievance Id. no. MRF-2306-1115-12E, who denied Plaintiff Smith any medical treatment, exam review or any medical attention when Plaintiff suffered a head injury from a fall, she wilfully refused to do any evaluation as proper protocol to check for damage or injuries that Plaintiff may have sustained during his fall. His 1st step was filed on

6-9-2023 and was denied on 7-5-2023, his 2nd step was filed on 7-19-2023 and denied on 8-30-2023. His 3rd step was filed on 9 1-2023 and denied on 10-17-2023 exhausting all state remedies.

87. Like the "malicious and sadistic" intent requirement of excessive force cases, deliberate indifference is an intent or "state of mind" requirement. It exist when an official knows about a serious danger to an inmate and yet is indifferent (unconcerned, uncaring) to that danger. In every moment Plaintiff told every defendant about and ongoing risk to his health and each time he was intentionally denied. Such understanding has been explained in **Farmer V. Brennan** 511 US 114; S. Ct. 1970 (1994) and in each grievance Plaintiff has shown how each Defendant has demonstrated many acts of deliberate indifference. This case is important for two reasons: it makes clear that inmates have a constitutional right to be protected from assaults by other inmates and it discusses the standard for deliberate indifference in depth.

To be deliberately indifferent, an official must both (1) know about a risk to an inmate and (2) fail to respond reasonably to that risk. Knowledge of a risk and an unreasonable response are elements of "**all failure to protect**" medical care and conditions claims.

88. Each Defendant in Plaintiff's suit is in some form or fashion a person with some capacity of having medical professional knowledge, training and skill. In this matter they also are very well informed of Plaintiff Smith's medical ailments, sicknesses as well as what types on medical treatment he needs and on many occasions have intentionally refused to provide assistance for and the risk of complications that would occur from the lack of treatment. As stated in **Pierson V. Hartley** 391 F.3d 898 902 (7th Cir. 2004); also **Beers-Capital V. Whetzel** 256 F.3d 120, 131 (3d Cir. 2001) identifies specifically the deliberate indifference to an inmate's health or safety is based on what a prison official actually knew that demonstrates how they are in violation. Each Defendant mentioned in this complaint Plaintiff has demonstrated that

knew specific details of Plaintiff's medical complications and needs as they all had access to his medical records, done examinations on Plaintiff and received medical results from doctor's examinations and medication prescribed and still wilfully and intentionally refused to provide necessary medical attention to those needs." Plaintiff's claim of deliberate indifference is supported by the facts **in the record** "

89. Summarizing the deliberate indifference standard that applies to medical treatment claims under the Eighth Amendment brought by prisoners. The Supreme Court held that "deliberate indifference" to the serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" and is therefore "proscribed by the Eighth Amendment." **Estelle V. Gamble** 429 US 97 104; 97 S. Ct. 285; 50 L. Ed. 2d 251 (1976) (citations omitted). To establish this type of claim, a prisoner must show (1) a serious medical need, and (2) deliberate indifference to that medical need on the part of a defendant. **Farmer V. Brennan** 511 US 825, 837; 114 S. Ct. 1970; 128 . L. Ed 2d 811 (1994). Therefore, a deliberate indifference claim has both and objective (1) and subjective (2) component **Mattox V. Edelman** 851 F. 3d 583, 597 (6th Cir 2017).

90. To satisfy the objective component of the analysis, a plaintiff must show the existence of a serious medical need: "one that has been diagnosed by a physician as a mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." **Harrison V. Ash** 539 F 3d 510, 518 (6th Cir 2008) quoting **Blackmore V. Kalamazoo Cty.** 390 F. 3d 890, 897 (6th Cir. 2004) The subjective component of the analysis has to do with the mens rea of the accused state actors: the plaintiff must show that a defendant "**acted**" with a mental state equivalent to criminal recklessness. **Santiago V. Ringle** 734 F. 3d 585, 591 (6th Cir. 2013) citing **Farmer V. Brennan** 511 US at 834, 839-840.

91. in the instant matter of Plaintiff from the documented grievances that he has submitted with this suit to support his complaint bears to record factual documentation that he has matters that shows that he has been in continuous need of serious

medical attention, appointment where doctors have performed examinations and forms of surgery, provided medication for and ordered to be brought back for follow-ups, where his medical records, reports, charts, diagrams show his condition, where these listed Defendants have witnessed multiple times of situations where Plaintiff Smith had been brought to health care in need of emergency medical attention (i.e., having to go to the ER due to a medical emergency), and these listed Defendants **witnessing and knowing** of the urgency (because it is obvious and plain) wilfully and intentionally deny him medical treatment. Times when the unit officers call to healthcare identifying Plaintiff being in need of immediate medical attention and and the responding [RN] tells the unit officer to tell Plaintiff to send a kite, which is an actual violation of prison policy directive PD 03.04.100(WW), (XX).

92.The Eighth Amendment to the US Constitution given convicted inmates the right to adequate medical care. The Due Process Clause of the Fifth Amendment for Federal in mates, or the Fourteenth Amendment for state and local inmates, gives this same right for their's as well. **Estate of Owensby V. City of Cincinnati** 414 F.3d 596, 602-603 (6th Cir. 2005). This is important for prisoners because as an inmate you have no ability to visit a doctor, medical clinic or hospital on your own. You cannot go to the drug store and by the type of medicine that you need, so the prison officials are the ones who have a duty to provide that type of care for you **DeShaney V. Winnebago County Dep't. of Social Servs.**, 489 US 189, 199-200; 109 S. Ct. 998 (1989); **Estelle V. Gamble** 429 US 97, 104; 97 S. Ct. 285 (1976) The Supreme Court first recognized that inmates have a **right to medical care** in 1976, in **Estelle V. Gamble** 429 US 97; 97 S. Ct. 285 (1976).

93. Like the right of inmates to be protected from assault by other inmates, deliberate indifference is a critical part of any medical care claim. Here is the rule:

> Jail and prison officials **violate** the Constitution when they act with deliberate indifference to an inmate's serious medical needs.

94. When an officer call health care for an inmate regarding an emergency matter concerning a continuous massive flow of blood coming from his groaning and seeking immediate medical attention and the nurse does not even follow proper protocol as provided in police of assessing the condition of the emergency i.e., having the inmate brought to the healthcare to determine the severity of the emergency, but instead tell the officer who called to tell the inmate to send a kite after being informed is a wilful failure to respond and blatant refusal to assist on the behalf of the medical staff who has an obligated duty to tend to the matter.

95. Plaintiff has a long history of suffering from severe muscular pain, skin irritation, severe rash in the groaning area, substantial back pain as just naming some of the complications he has to suffer from and on numerous occasions has been deliberately denied much medication, medical supplies and termination of doctor visits by the Defendants working in the healthcare department of the facility causing Plaintiff to suffer severe irreparable damage to his body from the Defendant's lack of providing medical attention to the problems. Plaintiff has continuously demonstrated that he has had (and still does) serious medical needs, the Defendant's were very well knowledgeable to Plaintiff's needs and deliberately refused to on many occasions provide medical attention to them, constituting deliberate indifference. Blackmore V. Kalamazoo County 390 F.3d 890, 895 (6th Cir. 2004). The law has made it clear that a medical condition does not have to be life threatening to be considered serious Edwards V. Snyder 478 F. 3d 827, 813-32 (7th Cir. 2007); Gutierrez V. Peters 111 F.3d 1364, 1370 (7th Cir. 1997); Ellis V. Butler 890 F. 2d 1001, 1003 & n.1 (8th Cir. 1989),

96. The following grievance nos. identify Plaintiff s complaint against each Defendant:

- 1) Id no. MRF-2112-2703 12D 1st Step filed 12-7-21, denied 12-27-21; 2nd step filed 1-7-21, denied 2-8-22, 3rd step filed 2-10-22 denied 3-14-22.
- Id no. MRF-2301-0070-12Z1 1st step filed 1-6-23 denied 2-13-23, 2nd step filed 3-8-23, denied 3-10 23, 3rd step filed 3-12-23 denied 4-20-23.
- Id no MRF-0071-12I 1st step filed 1-9-23 denied 2-24-23, 2nd step filed 3-8-23 denied 4-13-23, 3rd step filed 4-15-23 denied 6-13-23.

- Id no. MRF-2301-0097-12E 1st step filed 1-11-23 denied 3-1-23, 2nd step filed 3-8-23 denied 3-10-23, 3rd step filed 3-12-23 denied 4-20-23.
- Id no MRF-2301-0173-12Z1 1st step filed 1-25-23 denied 2-13-23, 2nd step filed 1-25-23, denied 3 10 23 3rd step filed 3 12 23 denied 4 20-23.
- Id no. MRF-2302-0297 12Z1 1st step filed 2-7-23 denied 3-8-23, 2nd step filed 3-17-23 denied 4-11-23, 3rd step filed 4-13-23 denied 5 16-23.
- Id no. MRF-2303 0540-12I, 1st step filed 3-13-23 denied 3-29-23, 2nd Step filed 4-18 23 denied 6-7-23, 3rd step filed 6-9-23 denied 8-1 23.
- Id no. MRF-2304-834-12Z1 1st step filed 4-26-23 denied 5-19-23, 2nd step filed 6-5-23 denied 6-30-23, 3rd step filed 7-1-23 denied 8-1-23.
- Id no. MRF-2306-1115-12E 1st step filed 6-9-23 denied 7-5-23, 2nd step filed 7-19-23 denied 8-30-23, 3rd step filed 9-2-23 denied 10-17-23.
- Id no MRF 2023-06-1122-28E 1st step filed 6-9-23 denied 6-30-23, 2nd step filed 7-19-23 denied 9-14-23, 3rd step filed 9-16-23 denied 9-27-23.
- Id no. MRF-2307-1321-12E4 1st step filed 7-7-23 denied 8-__-23 2nd step filed 8-29-23 denied 9-19-23, 3rd step filed 9-21-23 denied 11-2-23.
- Id no. MRF-2404-0574-12I 1st step filed 4-2-24 denied 5-28-24, 2nd step filed 6-23-24 denied 6-26-24, 3rd step filed 6-28-24 denied 8-9-24.
- Id no. MRF-2412-2097-12I 1st step filed 11-28-24 denied 1-16-25 2nd step filed 1-23-25 denied 3-7-25, 3rd step filed 3-11-25 denied 3-26-25.
- Id no. MRF-2501-0153-12E 1st step filed 1-23-25 denied 2-18-25, 2nd step filed 2-28-25 denied 3-17-25, 3rd step filed 3-19-25 denied 4-9-25.

97. It should be noted that Plaintiff Smith still has other grievances that have not been through the third step process that involve other Defendants who have caused serious medical injury/damage to Plaintiff by their refusal to provide medical treatment and acts of deliberate indifference that they has committed against Plaintiff which Plaintiff Smith will have to amend his 42 USC § 1983 and add them to his suit.

98. In all aspects of this complaint each Defendant mentioned therein has committed acts of deliberate indifference toward Plaintiff Smith's medical needs, violated his state and federal constitutional rights, treated him inhumanely, discriminated against him knowing his medical condition which constitutes cruel and unusual punishment in violation of his Eight and Fourteenth Amendment to the United States Constitution

99. Plaintiff Smith has no plain, adequate, or complete remedy at law to redress the

wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MyKing L. Smith, respectfully prays that this Court enter judgment granting Plaintiff.

A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

A preliminary and permanent injunction ordering all the Defendants named in the above suit to be held accountable for their acts of abuse, neglect, inhumane treatment, medical malpractice and deliberate indifference toward Plaintiff. To assure that Plaintiff receives the reasonable, proper medical treatment especially when he has an emergency medical need that he is taken serious and not denied medical treatment, especially in emergency situations. That the Defendants named in the above be made to undergo severe retraining on how to care for and treat prisoners with serious medical needs such as mine and be ordered to pay all of Plaintiff's legal fees.

Compensatory damages to be awarded to Plaintiff in the amount of $200,000.00 against each Defendant, jointly and severally for the injuries he has suffered at the hands of each defendant and the irreparable damages they have caused.

Punitive damages in the amount of 410,000.00 against each Defendant.

A jury trial on all issues triable by jury.

All of Plaintiff's costs in this suit to be paid for by the Defendants.

Any additional relief this Court deems just, proper, and equitable.

Respectfully Submitted,

/s/ [signature]

MyKing L. Smith #580308
Macomb Correctional Facility
34625 26 Mile Road
Lenox township, MI 48048

Dated. 06 - 20 - 2025

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters asserted therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed at Lenox Township, MI 48048 on 06-20-2025

/s/

MyKing L. Smith #580308

# Exhibits

Copy of each grievance
and Steps I, II, and III

Received

MICHIGAN DEPARTMENT OF CORRECTIONS JAN 27 2025 4835-4247 10/94

**PRISONER/PAROLEE GRIEVANCE FORM** CSJ-247A

Date Received at Step I 1/27/25 Grievance Coordinator Grievance Identifier: MRF 25 01 153 12E

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Myking Smith | 580308 | MRF | 3-85-B | 1-23-25 | 1-23-25 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 1-23-25

If none, explain why. Spoke with nurse Miria Brinkey to try to resolve the issue and could not get it resolved because only Danielle Magnuson could resolve the matter who refused.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. On 4-8-2024 I went to the dermatolgist to see Jared Wilson PA-C who ordered me to have a follow up after 40 days as he noted it was imperitive that I have one was supposed to receive some valtrex 500 mg, or Dove soap which took over a year to receive and some Hydrocortison cream which Danielle Magnuson never ordered nor put in the request to have my follow up. After I spoke with Nurse Maria Brinkey I found out all this time PA Danielle Magnuson never put in the order for me to receive the proper medical care which has been over a year and I still have not had a follow up. This is neglect, abuse, failure to peform duty and inhumane treatment. I ask this matter to be investigated that I be ordered medical treatment, a follow up, my medication and Danielle Magnuson be repriman for her neglect.

Myking Smith
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

See attached sheet

| | | | |
|---|---|---|---|
| [signature] RN | 2/18/25 | [signature] | 2/18/25 |
| Respondent's Signature | Date | Reviewer's Signature | Date |
| Kimberly DeCrescenzo | RN | Erin Parr-Mirza | HUM |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

Date Returned to Grievant: 2/24/25 | If resolved at Step I, Grievant sign here. Resolution must be described above. Grievant's Signature Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Smith | 580308 | 3/85B | MRF-25-01-0153-12E |

| | | | | |
|---|---|---|---|---|
| Prisoner Interviewed: | YES ☐ | NO ☒ | If "NO", Reason: | Prisoner description allowed response from record. |
| Extension Granted: | YES ☐ | NO ☒ | If "YES", Enter End Date: | |

**COMPLAINT SUMMARY:**

Grievant states that they are not being receiving proper medical treatment.

**INVESTIGATION SUMMARY:**

Upon review of the electronic medical record on 4/8/24 the grievant went to an offsite dermatology appointment. They came back to the facility with new orders for 2 creams (Imiquimod and Hydrocortisone) and Valtrex. On 4/12/24 the medical provider (MP) ordered the Valtrex for 90 days. This was recommended by the Dermatologist. The creams were ordered. Triamcinolone was ordered instead of the Hydrocortisone cream. On 6/3/24 the MP documented the Triamcinolone cream was ordered for acute issue for 60 days only and they could kite for a refill. The grievant was ordered Valtrex for 360 days on 9/20/24 and is currently receiving the medication. Grievant also currently receives a 2oz specimen container of soap every 2 weeks with their supplies. This order expires on 11/22/25. On 9/18/24 the MP documented that the Dermatologist requested to see the grievant back to monitor progress, but his progress can be monitored on site and if indicated they can be referred back.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

PD 03.04.100 Health Services

**DECISION SUMMARY:**

Grievance denied. The grievant is being treated for their condition and is receiving medication daily. If the grievant would like to receive the Triamcinolone cream, they are encouraged to submit a medical kite.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | Kimberly DeCrescenzio | TITLE: | RN13 |
| RESPONDENT SIGNATURE: | [signature] | DATE: | 2/18/25 |
| REVIEWER NAME: | Erin Parr-Mirza | TITLE: | HUM |
| REVIEWER SIGNATURE: | [signature] | DATE: | 2/18/25 |

**Distribution:** Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Received FEB 28 2025 Grievance Coordinator

Date Received by Grievance Coordinator at Step II: 2/28/25

Grievance Identifier: MNF 25 01 153 12 E

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC office by 3/10/25. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Smith | 580308 | mnf | 385B | 1-23-25 | 2-28-25 |

**STEP II** — Reason for Appeal The issue has NOT been resolved as (1) The Dermatologist requested to have me brought back to them For a Follow up that requires more than a monitoring, (2) the Fact that my medication took over a year to receive because Danielle Magnuson never ordered the medication at the time she was supposed to order them has not been addressed. This is what needs to be reconsidered, investigated and addressed as to why.

[signature]

**STEP II** — Response

Please see the attached response.

Date Received by Step II Respondent: 02-28-2025

Received MAR 17 2025 Grievance Coordinator

Katherine West, BSN, RN — Respondent's Name (Print)

Katherine West, BSN, RN — Respondent's Signature

3/17/2025 — Date

Date Returned to Grievant: 3/17/25

**STEP III** — Reason for Appeal

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White - Process to Step III; Green, Canary, Pink - Process to Step II; Goldenrod - Grievant

**Michigan Department of Corrections** **MRF-2025-01-0153-12E**

**Grievance Step II Response** **SMITH 580308**

Grievant claims that he has been denied adequate treatment re: dermatologist follow up and delay in receiving medications. Grievant asserts that it took over a year to receive Valtrex or Dove soap medications.

Date of incident is listed as 1/23/2025.

Investigation determined that grievant's issue was appropriately addressed by the Step I Respondent and is affirmed at the Step II Appeal. Review of the prisoner health record reveals that grievant has had an order for soap since prior to 4/8/2024 dermatology offsite. Nonformulary request for Valtrex was placed on 4/8/2024 and dispensed on 4/13/2024. Per the providers 4/11/2024 chart review "MP visit to evaluate the efficacy prior to consideration to return to Dermatology. Medical necessity should be demonstrated prior to sending offsite again".

Grievance is not supported. Grievant has been evaluated and treated as deemed appropriate by the medical providers responsible for his plan of care. Grievant is encouraged to discuss his symptoms and concerns with the on-site provider at his scheduled visits, to follow the plan of care as instructed, and to promptly notify Health Care if he experiences acute adverse symptoms in future and/or if he has any concerns re: chronic conditions or issues.

Grievance denied.

| Katherine West, BSN, RN | *Katherine West, BSN, RN* | March 17, 2025 |
|---|---|---|
| Respondent Name | Respondent Signature | Date |

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Received FEB 28 2025 Grievance Coordinator

Date Received by Grievance Coordinator at Step II: 2/28/25

Grievance Identifier: MRF 25 01 153 12 E

RECEIVED - MDOC
MAR 24 2025
Office of Legal Affairs

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE. The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC office by 3/10/25. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Smith | 580308 | mrf | 385B | 1-23-25 | 2-28-25 |

**STEP II** — Reason for Appeal The issue has NOT been resolved as (1) The Dermatologist requested to have me brought back to them For a Follow up that requires more than a monitoring, (2) the Fact that my medication took over a year to receive because Danielle Magnuson never ordered the medication at the time she was supposed to order them has not been addressed; This is what needs to be reconsidered, investigated and addressed as to why.

[signature]

**STEP II** — Response

Date Received by Step II Respondent:

See attached..

Received MAR 17 2025 Grievance Coordinator

Date Returned to Grievant: 3/17/25

Respondent's Name (Print) | Respondent's Signature | Date

**STEP III** — Reason for Appeal The issue continues to be over looked every addressed in response shows treatment has not been provides since 4-13-2024 almost a year ago and no Follow up as requested by the dermatologist has been provided or had from the First and second response It shows Grievant's issues have not been resolved.

[signature]

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

3-85 B

**Step III Grievance Response**

**MYKING SMITH** **580308**

**MRF** **25010153**

Grievant alleges he is being denied appropriate treatment.

All relevant information within the electronic medical record has been reviewed. Step I and Step II appropriately addressed this grievance and are upheld at the Step III appeal. In regards to your claim, after reviewing your Electronic Medical Record, your claim(s) cannot be substantiated.

Grievance appeal denied.

Response of Bureau of Health Care Services Date: 3/28/2025

Approved: Smoyer RN Date: 04/02/2025

S. Smoyer, RN

RD Russell

Richard D. Russell Manager, Grievance Section Office of Legal Affairs

APR 09 2025

Date Mailed

Ref. # 31432

C: Warden MRF

Regional Health Care Administrator Southern

Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Smith | 580308 | 3/85B | MRF-23-06-1115-12E |

| | | | | | |
|---|---|---|---|---|---|
| Prisoner Interviewed: | YES ☐ | NO ☒ | If "NO", Reason: | Prisoner description allowed response from record. | |
| Extension Granted: | YES ☐ | NO ☐ | If "YES", Enter End Date: | IF "YES", Enter End Date | |

**COMPLAINT SUMMARY:**

Grievant stated he did not receive treatment for an injury to his head on 6/5/2023.

**INVESTIGATION SUMMARY:**

A phone call was noted in COMS on 6/5/2023 related to grievant being unable to move related to pain. Prisoner was seen in the clinic that same day and there was no head injury noted or treated.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

03.04.100

**DECISION SUMMARY:**

No injury noted to head when assesed at his clinical visit on 6/5/2023. Grievance denied.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | Amy LaCott | TITLE: | RN-13 |
| RESPONDENT SIGNATURE: | ALaCott RN | DATE: | 7/5/23 |
| REVIEWER NAME: | Erin Parr-Mirza | TITLE: | HUM |
| REVIEWER SIGNATURE: | [signature] | DATE: | 7/5/23 |

**Distribution:** Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

## Continuation of Step 1 Grievance

I am continually being denied medical treatment in violation of state and federal law, as well as PD 03.03.130(K)(3) & (4). As a result of being denied treatment, I haven't been able to attend my classes, go to yard/dayroom, or even food service. Therefore, I am requesting someone who cares about my health be placed in charge of overseeing my treatment.

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I ________________ Grievance Identifier: | | | | | | | | | | | | | | | |

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| [illegible] Smith | [illegible] | [illegible] | 3-65-[illegible] | 6/[illegible]/23 | 6/9/23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 6/5/23
If none, explain why.

I was taken to health care but received no treatment. I asked each nurse involve, if they took an oath to help people, why were they not helping me?

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

Deliberate Indifference/Breach of Oath/Medical Negligence

On 6/1/23, after being ignored by staff on first and second shift, I eventually fell and hit my head. My bunkie, Smith #[illegible] stopped officers while doing their 1530 count rounds and demanded somebody check on me. Health Care was eventually called. Nurses [illegible] [illegible] stepped in to evaluate me or examine my head. Although I was taken to Health Care, I never received any treatment. Not one nurse physically checked on me over gave me anything for the cut on my forehead. Nurse Merritt spoke to someone over the phone seeking permission to treat me but she kept getting cut off mid-conversation. Once the call ended, she stated, "Apparently all I can give you is Ibuprofen." I asked each nurse in the room "How can you take an oath to help people and not help me?" I was then told to leave. C/O Jones observed the entire encounter and agreed "that's not right. Put me as a witness if you need to."

*See Attached Pages*

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

Respondent's Signature ____ Date ____ Reviewer's Signature ____ Date ____

Respondent's Name (Print) ____ Working Title ____ Reviewer's Name (Print) ____ Working Title ____

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

RECEIVED
JUL 24 2023
GRIEVANCE COORDINATOR

Date Received by Grievance Coordinator at Step II: 7/24/23

Grievance Identifier: MRF 23 06 1116 12E

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED - MDOC
SEP 11 2023
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC Office by 7/26/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Smith | 580308 | MRF | 3-85B | 6/5/23 | 7/19/23 |

**STEP II** — Reason for Appeal

The response given at Step 1 shows why the grievance process is a sham at MRF. Not only was I not interviewed as required by policy, but none of the witnesses were interviewed, including CO Jones, RN Merritt, or Prisoner Smith #298061. Moreover, the Respondent claims "no head injury noted or treated," which proves my assertion that they refused to evaluate me once I arrived at healthcare. It seems inconceivable to ignore an evaluation, then claim that person had no injuries. Lastly, reviewing medical records from another facility is insufficient to resolve this issue at Step 2 without a face to face interview.

**STEP II** — Response

Date Received by Step II Respondent:

See attached...

Respondent's Name (Print) | Respondent's Signature | Date

Date Returned to Grievant: 8/30/23

**STEP III** — Reason for Appeal

MRF Healthcare staff has been denying me adequate medical care for nearly a year. Each grievance filed against them is either wrongly rejected, or the merits are ignored by the staff involved. There is no adequate grievance procedure at this facility, so the issues remain unresolved. Therefore, unless an adequate investigation is done at Step 3, a court will decide the facts.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

**Step III Grievance Response**

**MYKING SMITH** **580308** 3-85-B

**MRF** **23061115**

Grievant alleges Nursing did not appropriately address his head injury concerns.

All relevant information within the electronic medical record has been reviewed. Step I and Step II appropriately addressed this grievance and are affirmed at the Step III appeal. In regards to your claim, after reviewing your Electronic Medical Record, your claim(s) cannot be substantiated.

Grievance appeal denied.

Response of Bureau of Health Care Services

Date: 9/28/2023

Approved: *Kari Nader, MA, LLP*
K. Nader, MA, LLP

Date: OCT 0 2 2023

*RD Russell*
Richard D. Russell Manager, Grievance Section Office of Legal Affairs

OCT 1 7 2023
Date Mailed

Ref. # 32882

C: Warden MRF
Regional Health Care Administrator Southern
Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4247 10/94

# PRISONER/PAROLEE GRIEVANCE FORM

CSJ-247A

Date Received at Step I ______________ Grievance Identifier: | | | | | | | | | | | | | | | |

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| [illegible] | [illegible] | MRF | [illegible] | [illegible] | [illegible] |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? ______
If none, explain why.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

Respondent's Signature | Date | Reviewer's Signature | Date

Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

3-85B

## Step III Grievance Response

MYKING SMITH 580308

MRF 24122097

Grievant alleges he is being denied a replacement medical mattress.

All relevant information within the electronic medical record has been reviewed. Step I and Step II appropriately addressed this grievance and are affirmed at the Step III appeal. In regards to your claim, after reviewing your Electronic Medical Record, your concerns have been addressed.

Grievance appeal denied.

Response of Bureau of Health Care Services Date: 3/21/2025

Approved: Smoyer RN Date: 3/25/2025
S. Smoyer, RN

RD Russell
Richard D. Russell Manager, Grievance Section Office of Legal Affairs

MAR 2 6 2025
Date Mailed

Ref. # 31414

C: Warden MRF

Regional Health Care Administrator Southern
Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248 5/09
CSJ-247B

Date Received by Grievance Coordinator at Step II: 1/24/25 JAN 24 2025 Grievance Identifier: MRF 24 12 2097 12I

Grievance Coordinator

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE. The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED MDOC
MAR 17 2025
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC-Office by 2/4/25. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SMITH | 580308 | MRF | 3-85B | 11-26-24 | 1-23-25 |

**STEP II** — Reason for Appeal This matter has not been resolved as the response is continually overlooking and evading the heart of the complaint Fitch did not examine the mattress as alleged as witness by C/O Jones and it is not about the ware and tare holes, rips etc. It IS ABOUT THE HARDNESS of the mattress and the damage it is doing to my back. It has already been determined to be too hard and that I am in need of a "softer" mattress. the response needs to respond to this issue which has not been addressed. A new investigation must be had. [signature]

**STEP II** — Response

Date Received by Step II Respondent:

Received
MAR 07 2025
Grievance Coordinator

See attached..

Respondent's Name (Print) | Respondent's Signature | Date

Date Returned to Grievant: 3/7/25

**STEP III** — Reason for Appeal This grievance has never been properly investigated nor properly considered as they continue to address the wrong subject of the grievance a mattress to accomodate the complication of grievant's back which is available and asscessable not about tears or rips It IS about the hardness and the injury of Grievant's back that he continues to suffer from the lack of [signature] 3-11-25

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White - Process to Step III; Green, Canary, Pink - Process to Step II; Goldenrod - Grievant

## Attachment to Grievance

I went to medical because of my medical condition because I am continuously in a state of severe cronic pain, especially in my back Requesting to receive a more accommodatable medical mattress which this facility does have available in the warehouse

RN-13 Fitch was sent to do a thorough examination of the mattress that I am currently laying on and do a report of the condition, but when he came to do the examination as was stated by the witnesses who watched RN 13 Fitch do the exam Witness C/o Jones and my bunkie specifically and in detail saw RN 13 Fitch barely lift the sheet that was on he didn t even partially look at the mattress and left out of the cell This doing of his was witnessed by C/o Jones and my bunkie. RN-13 Fitch could NOT have made a proper determination of my condition or my need based on his observation His acts are in direct contrast to Eight amendment of the United States Constitution which is to treat a humane Humanely, as well as to uphold his integrity and oath that

his own employee handbook in section V. rule 12. failing to respond and or assist, rule fail to follow rules, regulations, policies or procedures, rule 1. treat prisoners humanely, rule 3, not to discriminate, and rule 27. not to be negligent which is derelict in their duty, all of which RN-13 Fitch failed to do.

**Relief**: I ask to have this matter investigated properly and thoroughly, that I reveve a more accommodatable mattress that are available in the warehouse, that I get a proper examination done on my back as I am still in extreme pain, and that I do NOT be retaliated against threatened to be road out or other extreme extremities for exercising my right to grieve a situation that I can show by evidence and facts that is unjust, being my due process right

[signature]
MyKing Smith #580308

Date of incident 11-26-2024
Date of grievance 11 28-2024

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Smith | 580308 | 3-85B/MRF | MRF-24-12-2097-12I |

| | | | | | |
|---|---|---|---|---|---|
| Prisoner Interviewed: YES | ☐ | NO | ☒ | If "NO", Reason: | Prisoner description allowed response from record. |
| Extension Granted: YES | ☒ | NO | ☐ | If "YES" Enter End Date: | 1/21/2025 |

**COMPLAINT SUMMARY:**

The primary complaint is that the patient is being denied a proper medical mattress.

**INVESTIGATION SUMMARY:**

The date of incident is listed as 11/26/2024. The actual date of the medical mattress inspection was 11/15/2024. Investigation of the patient's complaint and the patient's electronic medical record indicate a nursing supervisor went to the unit and inspected the patient's medical mattress. It was found to be intact and in good condition.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

PD 03.04.100 Health Services & PD 04.06.160 Medical Details and Special Accommodation Notices

**DECISION SUMMARY:**

Grievance denied. The patient was issued a medical mattress as ordered by the medical provider. The patient is encouraged to notify health care for any medical complaints.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | Trisha Masker | TITLE: | RN 13 |
| RESPONDENT SIGNATURE: | [signature] | DATE: | 1/15/2025 |
| REVIEWER NAME: | Erin Parr-Mirza | TITLE: | HUM |
| REVIEWER SIGNATURE: | [signature] | DATE: | 1/16/2025 |

**Distribution:** Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM** CSJ-247B

Date Received by Grievance Coordinator at Step II: 1/24/25 JAN 24 2025 Grievance Coordinator Grievance Identifier: MNF 24 12 2097 12I

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC Office by 2/4/25. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Smith | 580308 | MNF | 3-85B | 11-26-24 | 1-23-25 |

**STEP II** — Reason for Appeal This matter has not been resolved as the response is continually overlooking and evading the heart of the complaint Fitch did not examine the mattress as alleged as witness by C/o Jones and it is not about the ware and tare holes, rips etc. It IS ABOUT THE HARDNESS of the mattress and the damage it is doing to my back. It has already been determined to be too hard and that I am in need of a "softer" mattress. The response needs to respond to this issue which has not been addressed. A new investigation must be had. [signature] Smith

**STEP II** — Response

Please see the attached response.

Date Received by Step II Respondent: 01-27-25

Received MAR 07 2025 Grievance Coordinator

| Katherine West, BSN, RN | *Katherine West, BSN, RN* | 3/6/2025 ~~3/5/2025~~ |
|---|---|---|
| Respondent's Name (Print) | Respondent's Signature | Date |

Date Returned to Grievant: 3/7/25

**STEP III** — Reason for Appeal

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

**Michigan Department of Corrections** **MRF-2024-12-2097-12I**

**Grievance Step II Response** **SMITH 580308**

**NOTE:** *An extension was requested and granted for this response to appeal.*

Grievant claims that he has been inappropriately denied a new medical mattress. Grievant asserts that he requires this item to address spinal issues affecting his posture, mobility, and comfort.

Date of incident is listed as 11/26/2024.

Investigation determined that grievant's issue was appropriately addressed by the Step I Respondent and is affirmed at the Step II Appeal. Review of the prisoner health record reveals that grievant's current mattress was evaluated by nursing supervisor on 11/15/2024 in the housing unit. It was determined that the current mattress was "intact and there is no evidence of compromise". Grievant was notified of this on 11/22/2024 at a provider appointment.

Grievant's claim is not supported. Grievant is assured that medical equipment will be replaced when it has been proven that it is no longer undamaged. Grievant is encouraged to discuss his symptoms and concerns with the provider at his scheduled visits, to follow the plan of care as instructed, and to promptly notify Health Care if he experiences acute adverse symptoms in future and/or if he has any further concerns re: chronic symptoms or issues.

Grievance denied.

| | | |
|---|---|---|
| Katherine West, BSN, RN | *Katherine West, BSN, RN* | March 6, 2025 |
| Respondent Name | Respondent Signature | Date |

MICHIGAN DEPARTMENT OF CORRECTIONS
# PRISONER/PAROLEE GRIEVANCE FORM

4835-4247 10/94
CSJ-247A

Date Received at Step I ______________ Grievance Identifier: | | | | | | | | | | | | | | |

**Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.**

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Myking Smith | 580308 | MRF | 3-05-B | 7/2/23 | 7/7/23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 7/2/23
If none, explain why.

I tried speaking with Nurse Dillaway. This was all witnessed by CO Dillard who tried to intervene on my behalf.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On 7/2/23, Nurse Dillaway was passing out medical supplies in Unit-3 around 10:00am. When they called me for supplies, my Aide/bunkie (Smith #298061) went to pick up my supplies. Dillaway only gave him a bag with blue pads and a urine cup of soap inside before stating, "I know Smith is gonna bitch but this is all he is getting because my paperwork says he already received everything else." Smith attempted to explain to her that he knew for a fact I had not received 3 out of my 4 wipes in June because each week, nursing staff claimed they didn't have any and that "the cupboard is bare." In fact, he explained that Nurse Silverthorn called to the unit around 2315 hours one night during the last week of June to tell me there was nothing in the cupboard. (This was witnessed by CO Edwards and Velt)

Nurse Dillaway began yelling at me, refusing to hear what I had to say, and pointed her finger in my face while calling me "stupid." CO Dillard witnessed this entire encounter and told Dillaway she "was going too far," and was "highly inappropriate." I was able to explain to Dillard that I never received my wipes throughout June, therefore there was no reason I should be denied them in July. Attached to this grievance is a statement from Smith, 298061 regarding Dillaway's behavior and the fact that I did not receive the supplies she claimed I did.

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

Respondent's Signature ______ Date ______ Reviewer's Signature ______ Date ______

Respondent's Name (Print) ______ Working Title ______ Reviewer's Name (Print) ______ Working Title ______

Date Returned to Grievant: ______ If resolved at Step I, Grievant sign here. Resolution must be described above. Grievant's Signature ______ Date ______

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

## Statement of Prisoner Smith #298061

On 7/2/23, at approximately 10:00am, Nurse Dillaway passed out medical supplies in Unit-3. When she called for my bunkie's supplies (Smith #580308) I went to grab them for him. Dillaway handed me a bag containing blue pads and a urine cup of soap. She then stated, "I know Smith is gonna bitch but this is all he is getting because my paperwork says he already received everything else." I took the bag to Smith and he confirmed he was missing numerous supplies.

We both returned to the desk and tried explaining to Dillaway that Smith had not been receiving his wipes throughout June because nursing staff continually stated they were out. I explained how Nurse Silverthorn even called us to health care one night around 11pm and was told there was no soap or wipes. While Smith was bedridden for weeks, I was the one picking up his supplies and know for a fact he has not been receiving everything on his details.

Nurse Dillaway became belligerent and pointed her finger in Smith's face, calling him "stupid" while simultaneously pointing at her own head, emphasizinf "stupid" over and over. At one point, CO Dillard told Dillaway she was "doing too much," and was "highly inappropriate" for her behavior.

Date: July 7, 2023

Will Smith

Will Smith #298061

RECEIVED
AUG 29 2023
GRIEVANCE COORDINATOR

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: 8/29/23

Grievance Identifier: MRF 23 07 1321 12E4

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC-Office by 9/1/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Smith | 580308 | MRF | 3-85B | 7/2/23 | 8/29/23 |

**STEP II** — Reason for Appeal

The Step 1 Response is inadequate and contrary to policy. MRF-OP 03.02.130(#10) establishes that an interview is mandatory, yet this was not done and no explanation was provided. As a result of not being interviewed, the Respondent didn't bother resolving the actual issue being grieved, i.e., Nurse Dillaway's behavior when I asked about by supplies. This was witnessed by CO Dillard as well as my bunkie, neither of whom were interviewed. Additionally, the Reviewer and the Grievance Coordinator had a duty to ensure the response was adequate, See (#13 & 16), yet this was not done, resulting in the issue remaining unresolved.

**STEP II** — Response

Date Received by Step II Respondent: 08-31-23

RECEIVED
SEP 19 2023
GRIEVANCE COORDINATOR

Please see attached response

Michelle Gilbert, RN — Respondent's Name (Print)
[signature] — Respondent's Signature
09/18/2023 — Date

Date Returned to Grievant: 9/19/23

**STEP III** — Reason for Appeal

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White - Process to Step III; Green, Canary, Pink - Process to Step II; Goldenrod - Grievant

**Michigan Department of Corrections** **MRF-2023-07-1321-12E4**

**Grievance Step II Response** **SMITH 580308**

Grievant claims that he was subjected to unprofessional behavior on the part of LPN Dillaway while supplies were being issued on 07/02/2023. Grievant states " On 07/02/2023, Nurse Dillaway was passing out medical supplies in unit-3 around 10am. When they called me for supplies, my aide/bunkie went to pick up mu supplies. Dillaway only gave him a bag with blue pads and a urine cup of soap inside before stating. I know Smith is gonna bitch but this is all he is getting because my paperwork says he already received everything else. Nurse Dillaway began yelling at me, refusing to hear what I had to say, and pointed her finger in my face while calling me stupid. CO Dillard witnessed this entire encounter "

Review of the electronic medical record reveals that on 07/02/2023 the grievant was issued supplies consisting of antibacterial soap and blue pads. The is no noted documentation of any conflict/issues during the encounter.

This respondent can neither confirm nor refute grievant's claim re: the statements made by the MRF staff member on 07/02/2023. It is acknowledged that all MDOC staff are expected to communicate with prisoners in a professional and respectful manner. Grievant is assured that every effort is made to ensure that staff adhere to that standard.

Grievance denied.

| | | |
|---|---|---|
| Michelle Gilbert, RN | *Michelle Gilbert, RN* | September 18, 2023 |
| Respondent Name | Respondent Signature | Date |

RECEIVED
AUG 29 2023
GRIEVANCE COORDINATOR

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: 8/29/23

Grievance Identifier: MRF 23 07 1321 12E4

RECEIVED - MDOC
OCT 02 2023
Office of Legal Affairs

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE. The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC-Office by 9/1/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Smith | 580308 | MRF | 3-85B | 7/2/23 | 8/29/23 |

**STEP II** — Reason for Appeal

The Step 1 Response is inadequate and contrary to policy. MRF-OP 03.02.130(#10) establishes that an interview is mandatory, yet this was not done and no explanation was provided. As a result of not being interviewed, the Respondent didn't bother resolving the actual issue being grieved, i.e., Nurse Dillaway's behavior when I asked about by supplies. This was witnessed by CO Dillard as well as my bunkie, neither of whom were interviewed. Additionally, the Reviewer and the Grievance Coordinator had a duty to ensure the response was adequate, See (#13 & 16), yet this was not done, resulting in the issue remaining unresolved.

**STEP II** — Response

Date Received by Step II Respondent:

See attached...

RECEIVED
SEP 19 2023
GRIEVANCE COORDINATOR

Date Returned to Grievant: 9/19/2023

Respondent's Name (Print) | Respondent's Signature | Date

**STEP III** — Reason for Appeal

I cannot fathom how RN Gilbert asserts she can "neither confirms nor refute grievant's claim," when there was nothing preventing her from interviewing the very witnesses I mentioned in Step 1 and 2. This deliberate misrepresentation shows there's no attempt by staff to resolve matters within the facility.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

**Step III Grievance Response** 3-85-B

**MYKING SMITH** **580308**

**MRF** **23071321**

Grievant alleges Nursing was unprofessional; claims Nursing inappropriately denied him access to medical supplies.

In accordance with PD 03.02.130, this grievance is rejected as failed to attempt to resolve issue with staff. Per the Electronic Medical Record, a written attempt to resolve this issue through a Health Care Request (CHJ-549)/Prisoner Kite for medical services was not found in the EMR.

The grievance tracking number has been changed from MRF-23-07-1321-12E4 to MRF-23-07-1321-28i in order to reflect the grievance category code at Step III.

Grievance rejected.

Response of Bureau of Health Care Services Date: 10/24/2023

Approved: Kari Nader, MA, LLP Date: OCT 2 5 2023

K. Nader, MA, LLP

NOV 0 2 2023

RD Russell

Richard D. Russell Manager, Grievance Section Office of Legal Affairs

Date Mailed

Ref. # 32947

C: Warden MRF

Regional Health Care Administrator Southern

Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4247 10/94
**PRISONER/PAROLEE GRIEVANCE FORM** CSJ-247A

Date Received at Step I ______ Grievance Identifier: | | | | | | | | | | | | | | | |

**Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.**

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Myking Smith | 580308 | MRF | 3-85-B | 4/2/24 | 4/2/24 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 4/2/24
If none, explain why.

I spoke with CO Brill regarding NP Magnuson's refusal to evaluate or treat me during my appointment.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

Dereliction of Duty / Failure to Provide Adequate Medical Care

On 4/2/24, I was scheduled to see NP Magnuson at 14:35 hours. When I arrived, CO Brill checked me in and notified Magnuson that I was available for my appointment. Instead of seeing me, she told Brill "I'm not seeing him. We discussed this issue in January." This failure to treat me is an ongoing issue that I've grieved multiple times. In fact, Warden Tanner indicated that my previous grievance "will be forwarded to health care to conduct a merit review of [my] multiple claims," and yet, nothing is being done to ensure my health is being properly treated. It is apparent that as long as Magnuson is in charge of my medical care, I wont be treated at all. As such, I am asking that my medical needs be placed in the hands of someone capable and willing to uphold their medical oath.

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

Respondent's Signature ______ Date ______ Reviewer's Signature ______ Date ______

Respondent's Name (Print) ______ Working Title ______ Reviewer's Name (Print) ______ Working Title ______

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Smith | 580308 | 3-85B/MRF | MRF-24-04-0574-12E |

| | | | | | | |
|---|---|---|---|---|---|---|
| Prisoner Interviewed: | YES | ☐ | NO | ☒ | If "NO" Reason: | |
| Extension Granted: | YES | ☒ | NO | ☐ | If "YES" Enter End Date: | 5/28/2024 |

**COMPLAINT SUMMARY:**

The patients' primary complaint is that he was denied treatment on April 2, 2024 after coming to health care for a medical provider appointment.

**INVESTIGATION SUMMARY:**

The patient had a medial provider appointment on April 2, 2024 to discuss medical details that had expired. On April 2, 2024, the medical provider continued the patients medical details for gloves and dial soap via chart review.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

PD 04.06.160 Medical Details and Special Accommodation Notices

**DECISION SUMMARY:**

The patient has a chronic care appointment coming up soon for his skin condition and shoulder pain. The patient is encouraged to discuss these issues at that appointment and is encouraged to notify health care if his condition worsens..

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | Trisha Masker | TITLE: | RN 13 |
| RESPONDENT SIGNATURE: | [signature] | DATE: | 5/28/2024 |
| REVIEWER NAME: | Erin Parr-Mirza | TITLE: | HUM |
| REVIEWER SIGNATURE: | [signature] | DATE: | 5/28/2024 |

**Distribution:** Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

– untimely request – 421

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

# PRISONER/PAROLEE GRIEVANCE APPEAL FORM

Received JUN 25 2024 Grievance Coordinator

Date Received by Grievance Coordinator at Step II: 6/25/2024

Grievance Identifier: MRF 24 04 574 12E

RECEIVED - MDOC JUL 08 2024 Office of Legal Affairs

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC. Ozzell by 6/13/24. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Smith | 580308 | MRF | 3-85B | 4/2/24 | 6/23/24 |

**STEP II** — Reason for Appeal

This appeal is filed beyond the due date because I did not receive the Step 1 Response until June 19th. Six days after the deadline.
Health Care staff have a custom of skirting around the actual issue being grieved and this custom needs to be addressed. Multiple times I have filed grievances regarding NP Magnuson refusing to treat me (out of retaliation) and none of these concerns have been addressed. It is irrelevant that my soap and gloves were renewed because there were other serious medical needs that required her attention. Continuing to kite Health Care seems pointless because the end result is the same.

**STEP II** — Response

Step II rejected "untimely"

Date Received by Step II Respondent:

Received JUN 26 2024 Grievance Coordinator

Respondent's Name (Print): Nenroo

Respondent's Signature: [signature]

Date: 6/26/24

Date Returned to Grievant: 6/26/24

**STEP III** — Reason for Appeal

This appeal was not untimely because I did not receive the Step 1 response until it was too late to file the Step 2 Grievance. This delay cannot be attributed to me and is only designed to hinder my administrative remedies.
The underlying issue remains unresolved because NP Magnuson continues to deny me adequate medical treatment. Therefore, outside intervention will be required because there is no remedy within the facility or the MDOC.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

3-85 B

**Step III Grievance Response**

**MYKING SMITH** **580308**

**MRF** **24040574**

Grievant alleges he was denied treatment by a Medical Provider.

In accordance with PD 03.02.130, this grievance is rejected as untimely filing at Step II. Step II decision to reject is upheld at Step III.

The grievance tracking number has been changed from MRF-24-04-0574-12E to MRF-24-04-0574-28E in order to reflect the grievance category code at Step III.

Grievance appeal rejected.

Response of Bureau of Health Care Services Date: 7/18/2024

Approved: C. Wurm MS, LLP Date: 7-31-24

C. Wurm, MS, LLP

RD Russell

Richard D. Russell Manager, Grievance Section Office of Legal Affairs

AUG 0 9 2024

Date Mailed

Ref. # 31640

C: Warden MRF

Regional Health Care Administrator Southern

Grievant

a 58

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4247 10/94
**PRISONER/PAROLEE GRIEVANCE FORM** CSJ-247A

Date Received at Step I ________ Grievance Identifier: | | | | | | | | | | | | | | | |

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| [illegible] | [illegible] | ARF | 3-05-B | 6/6/23 | 6/9/23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? [illegible]
If none, explain why.

[illegible]

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

[illegible]

[illegible]

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

Respondent's Signature ________ Date ________ Reviewer's Signature [illegible signature] Date 11/30/23

Respondent's Name (Print) ________ Working Title ________ Reviewer's Name (Print) [illegible] Working Title [illegible]

| Date Returned to Grievant: 11/1/23 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

Continuation from Step 1 Grievance

5/31/23: I woke up in severe pain from the same issues I tried addressing with Magnuson the day prior. My bunkie informed unit officers around 0735 hours. One of them told me that "Nurse Edgington said she'll call you out later, and to bring your fecal test from the previous day." By late that afternoon, I asked Sgt. Palmer to call health care. She called in front of me and asked why they hadn't come to the unit or called me out. After hanging up, she told me "they're going to call you over. Edgington later called me on the officer's phone and asked what was going on. I tried explaining everything but she kept cutting me off, telling me she's reading Magnuson's notes. She said she'd call me back. Eventually she called me to health care and repeated the questions from the phone. She offered me tylenol and ibuprofen and I told her that wouldn't help my level of pain. After checking my pulse and blood pressure, she tried getting me to leave. I asked if she was really going to ignore all my other issues, including the pain in my abdomen, headaches, etc., and she told me to get on the table. She left, but returned minutes later with a cream (that was proscribed by my specialist for unrelated issues) and told me "this should help with everything." I told her that was ludicrous to believe a cream would resolve my issues. She stated, "Well, I'm not authorized to examine you. Wait until you see your specialist in a few weeks." When I asked who claimed she was not authorized to examine me, she stated, "Magnuson. You can file a grievance if you want. You're good at that."

6/1/23: CO Kamara called health care and spoke with Nurse McInnis and then gave me the phone. She asked what was going on and I explained everything about the migraines, stabbing pains, etc. She stated, "I'm reading over Mgnuson's notes from a couple days ago and it says use your dermatology cream and wait for them to evaluate you. Otherwise [Magnuson] said we're not to examine you so I'm not calling you over."

6/2/23: My mother called the facility multiple times regarding my being denied adequate medical treatment but was given the runaround by CO Conyers, who told her she needed to speak with ARUS Walsh. After my mother finally reached ARUS Walsh and asked her to check on my well-being, Walsh agreed to do so but never did.

I later spoke with Sgt. Qualls about being denied medical treatment and explained the severity of my condition. She said "it sounds like it could be heat related illness symptoms." I told her I didn't know, but health care refuses to find out. Nothing was ever done.

6/3/23: My bunkie, Smith, tried talking to Sgt. Qualls the next day to tell her I needed to speak with her. She said she didn't want to talk to someone who would "name drop" her and that she did not appreciate being questioned by her supervisor about me, but said she would call health care to see what is going on. I have no knowledge of whether this call was ever made.

Later that night around 2040 hours, CO Kovacic came to my cell and noticed me slumped over with my face in my wheelchair. She asked if I was asleep and I told her, "No. I'm sick and in severe pain." She said, "Oh, you're sick. Okay," before closing my door and walking away. I laid in that position until my bunkie returned to the room and helped me in the bunk.

6/4/23: CO Dillard came to my cell around 0722 hours and saw my condition. She immediately called health care for me. She returned around 0935 and told me I would need to see a provider, but one was not available until the next day. She then said Nurse Mayes was coming to see me later and would bring an air mattress and Tylenol. Mayes arrived nearly twenty minutes later as promised.

Around 1645 hours, two inmates had to come into my cell just to help me off the bed and into the wheelchair just to get me to the bathroom. Afterwards, they had to assist me off the toilet. Staff was notified but nothing was done.

6/5/23: Nurses were called to my cell because of the severity of my pain and the fact that I injured my head. After I was taken to health care, I was denied any form of an examination. Nurse Merritt informed me that NP Magnuson was blocking any treatment I was entitled. Specifically, she said, "Apparently all I can give you is Ibuprofen." I told her Ibuprofen does not agree with me.

As a result of being denied adequate medical treatment, I have been subjected to unnecessary pain and suffering, I have not been able to comply with court ordered phone calls, and I have missed multiple classes. Unless this process of denying me treatment ceases, I will seek civil remedies.

Myking Smith #580308

# MDOC NOTICE TO PRISONERS RECEIVING A GRIEVANCE REJECTION – DRAFT CSJ-247RJ

You have submitted a grievance that has been rejected pursuant to PD 03.02.130, "Prisoner/Parolee Grievances". This is an attempt to redirect you to properly file and avoid being placed on Modified Access (MA). PD 03.02.130, "Prisoner/Parolee Grievances" is available in the law library.

**<u>REASONS FOR REJECTION (PD 03.02.130, Paragraph J</u>)** - Prisoners and parolees are required to file grievances in a responsible manner. A grievance shall be rejected by the Grievance Coordinator (GC) if:

1. It is vague, illegible, or contains multiple unrelated issues.
2. It raises issues that are duplicative of those raised in another grievance filed by the grievant.
3. The grievant is on modified access pursuant to Paragraphs JJ through NN and has filed a grievance in violation of those paragraphs.
4. The grievant did not attempt to resolve the issue with the staff member involved prior to filing the grievance unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of Internal Affairs in the Office of Executive Affairs.
5. The grievance is filed in an untimely manner. The grievance shall not be rejected if there is a valid reason for the delay; e.g., transfer.
6. It contains profanity, threats of physical harm, or language that demeans the character, race, ethnicity, physical appearance, gender, religion, or national origin of any person, unless it is part of the description of the grieved behavior and is essential to it.
7. Two or more prisoners and/or parolees have jointly filed a single grievance regarding an issue of mutual impact or submit identical individual grievances regarding a given issue as an organized protest.
8. The prisoner is grieving <u>content</u> of the policy or procedure except as it was specifically applied to the grievant. If a prisoner has a concern with the content of a policy or procedure, s/he may direct comments to the Warden's Forum as provided in PD 04.01.150 "Prisoner Housing Unit Representatives/Warden's Forum."
9. The prisoner is grieving a decision made in a Class I misconduct hearing or other hearings conducted by Administrative Law Judges (ALJ's) employed by the Michigan Department of Licensing and Regulatory Affairs (LARA), including property disposition and issues directly related to the hearing process (e.g., sufficiency of witness statements; timeliness of misconduct review; timeliness of hearing). Prisoners are provided an appeal process for Class I decisions pursuant to PD 03.03.105 "Prisoner Discipline."
10. The prisoner is grieving a decision made by the Parole Board to grant, deny, rescind, amend or revoke parole, or not to proceed with a lifer interview or a public hearing. This includes grieving the tools (scoring weights and ranges) utilized in developing guideline scores. However, a prisoner may challenge the calculation of his/her parole guideline score, including the accuracy of the information used in calculating the score by filing a grievance.
11. The prisoner is grieving a decision made in a Class II or Class III misconduct hearing, including property disposition, and issues directly related to the hearing process (e.g., sufficiency of witness statements, timeliness of misconduct review, timeliness of hearing). Class II and Class III decisions may be appealed pursuant to PD 03.03.105 "Prisoner Discipline".
12. The prisoner is grieving issues not within the authority of the Department to resolve (e.g., disputes between a prisoner and an MDOC contractor, etc.). The grievant shall be told who to contact in order to attempt to resolve the issue, if known.
13. The prisoner is grieving the result of a Risk Assessment Instrument (e.g., COMPAS) or Transition Accountability Plan (TAP). However, a prisoner may challenge the accuracy of the information used in assessments, including in the TAP.
14. The prisoner is seeking reimbursement for property loss or damage that must be submitted pursuant to PD 03.02.131 "Prisoner State Administrative Board Property Claims."

**Please note that:**

- If you continue to file grievances that are rejected, you may be placed on "Modified Access" (MA) pursuant to the policy.
- Modified Access (MA) is not a punitive action, but an attempt to educate you to the process of properly filing.
- While you are on MA you must request a grievance form from your GC who will provide the form if your grievance is not rejectable pursuant to policy.
- While on MA, grievances may be submitted regarding alleged violations of policy or procedure or alleged unsatisfactory conditions of confinement which directly affect you, including alleged violations of PD 03.02.130 and its related procedure.
    - **Grievances must contain only one grievable issue per CSJ-247A form and must be summarized on the form.**
    - Include details (**when/where/how**) of your attempt to resolve with the proper staff.
    - Include details of what you are grieving (**who/what/where/when**), and the resolution you seek.
    - **Be brief and to the point. Avoid extraneous information and use forms properly.**
- Grievances submitted that do not violate PD 03.02.130 will be processed as usual, however, if you further violate PD 03.02.130 you are subject to extensions of your Modified Access status.
- **YOUR MODIFIED ACCESS STATUS MAY NOT BE GRIEVED.**

| | | |
|---|---|---|
| **Prisoner Last Name:** SMITH | **Prisoner Number:** 580308 | **Lock/Location:** 3-85B |
| **Grievance Coordinator:** GC NENROD | **GC Signature:** [signature] | **Date:** 6/20/2023 |
| **Date Sent to Prisoner:** 7/11/23 | | **Grievance ID#:** MRF-23-06-1122-28E/28C |

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

**DATE:** **6/20/2023**

**TO:** **SMITH** **580308** **LOCATION:** **MRF** **3-85B**

**FROM:** **Grievance Coordinator:** **GC NENROD**

**SUBJECT:** Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding **grievance untimely.28C MULTP ISSUE** was received in this office on **6/12/2023** and was rejected due to the following reason:
**Your grievance is being rejected at Step I because it is UNTIMELY. Rejection at Step I pursuant to PD 03.02.130, Prisoner/Parolee Grievance.**

Any future references to this grievance should utilize this identifier:

**MRF / 2023 / 06 / 1122 / 28E**

GC NENROD [signature] 6/20/23
Respondent Date

A/ADW HINIJOSA [signature] 6/30/23
Reviewer Date

MICHIGAN DEPARTMENT OF CORRECTIONS

DRAFT CSJ-247BR2/12/2020

# STEP II GRIEVANCE RESPONSE FORM

(USE FOR STEP II WARDEN RESPONSES)

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| SMITH | 580308 | HU3/85B | MRF-23-06-1122-28E<br>If recoded at Step II then enter the new code and explain below in SECTION ONE: - - - - |

| Extension Granted at Step II: | YES | ☐ | NO | ☐ | If "YES", Enter End Date: | |
|---|---|---|---|---|---|---|

**SECTION ONE:**

☒ The Step I grievance and response were reviewed along with the prisoner's reasons for appealing to Step II and,

☒ **The Step I REJECTION IS UPHELD.**

☐ **The Step II appeal isREJECTED** pursuant to PD 03.2.130 "Prisoner/Parolee Grievances" for the following reason(s):

Enter "N/A" if not applicable, or enter the reason(s) for rejecting at Step II such as, "untimely at Step II", "disparaging language", etc. and modify the grievance category code as needed.

☐ The Step I grievance and response were reviewed along with the prisoner's reasons for appealing to Step II and the Step I determination on the merits was appropriate. Therefore, **the Step I DENIAL IS UPHELD at Step II.**

☐ The Step I response on the merits was only **PARTIALLY RESOLVED**, however, this grievance is now considered **RESOLVED** based on the actions described in **SECTION TWO**below.

☐ The Step I determination on the merits was appropriate and **this grievance is considered RESOLVED.**

**SECTION TWO**(Describe any further actions taken at Step II to resolve the issue on the merits):

N/A

**DECISION SUMMARY:**

Rejection upheld however email sent to HUM Parr-Mirza for merit of the Grievant's allegations and follow-up.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | GOLSON | TITLE: | ADMIN. ASSISTANT |
| RESPONDENT SIGNATURE: | Golson | DATE: | 8/21/23 |
| WARDEN: | CHAPMAN | | |
| WARDEN'S SIGNATURE: | W. Ch | DATE: | 8/25/2023 |

**Distribution:** Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

4835-4248 5/09
CSJ-247B

MICHIGAN DEPARTMENT OF CORRECTIONS

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

RECEIVED JUL 24 2023 GRIEVANCE COORDINATOR

Date Received by Grievance Coordinator at Step II: 7/24/23

Grievance Identifier: MRF 2306 1122 28E

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED - MDOC SEP 21 2023 Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC-Office by 7/26/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SMITH | 580308 | MRF | 3-85B | 6/6/23 | 7/19/23 |

**STEP II** — Reason for Appeal

The Step 1 grievance was wrongly rejected. The "multiple dates" she uses as an excuse was for the sole purpose of showing a pattern of deliberate indifference, not individual issues being grieved. Nonetheless, if they were multiple issues, they are multiple "related" issues as set forth in Bagley v Jamros, 2021 US Dist. LEXIS 251126 (W.D. Mich. 2021)(regarding multiple related issues in grievances). As such, this grievance should be sent back and reviewed on its merits, or future defendants waive their right to dispute the issue of exhaustion.

**STEP II** — Response

Date Received by Step II Respondent: 8/8/23

See the Attached Sheet

RECEIVED SEP 14 2023 GRIEVANCE COORDINATOR

Willis Chapman — Respondent's Name (Print)

[signature] — Respondent's Signature

8/25/2023 — Date

Date Returned to Grievant: 9/14/23

**STEP III** — Reason for Appeal

The grievance responses received at MRF shows a pattern that the facility does not care about resolving issues. Grievances are wrongly rejected according to policy, and are upheld by the very ones designated to ensure policy was followed. Therefore, the grievance process at MRF is virtually nonexistent.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

3-85 B

Wellpath

STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

**STEP III GRIEVANCE DECISION**

Rec #: 145827
28E

| | | | |
|---|---|---|---|
| **To Prisoner:** | Smith | #: | 580308 |
| **Current Facility:** | MRF | | |
| **Grievance Identifier:** | MRF-23-06-1122-28E | | |
| **Step III Received:** | 9/21/2023 | | |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

**THE REJECTION IS UPHELD.**

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

SEP 27 2023

**Richard D. Russell, Manager Grievance Section, Office of Legal Affairs**

CC: Warden, Current Facility:
Warden, Grieved Facility: MRF

1221

MICHIGAN DEPARTMENT OF CORRECTIONS RECEIVED

4835-4247 10/94
CSJ-247A

**PRISONER/PAROLEE GRIEVANCE FORM**

APR 27 2023
GRIEVANCE COORDINATOR

Date Received at Step I 4/27/23 Grievance Identifier: MRF 2304 1834 12 2 1

**Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.**

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Myking Smith | 580308 | MRF | 3-85-B | 4/21/23 | 4/26/23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 4/23/23
If none, explain why.

I spoke with Health Care staff once I was called out for my post-procedure evaluation.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On 4/21/23, I was taken for a follow up appointment at Pinnacle Dermatology with Dr. Awosika. During our initial greeting, she asked "what took you so long to come back"? I inquired what she meant, and she told me that after my last visit with her in Aug. of 2022, she notified the MDOC that I needed to return for follow up within 4-6 weeks. I told her I'd been inquiring with MRF Medical Staff (NP Martino, PA Ferris, Dr. Joseph, Dr. Al-Salman, and each Nurse who's examined me) as to why I hadn't been returned or received the medications prescribed by Dr. Awosika, but MRF Medical Staff always claimed "they didn't know about it."

Not only did it take 8-months (and a grievance) to get me returned to the Specialist, MRF Medical Staff also never provided me with the treatment plan and instructions for care that were ordered by Dr. Awosika. It required specific forms of treatment that I was not privy to, nor being treated for. Again, Medical Staff was well aware of these orders, yet deliberately chose to ignore those instructions.

*See Attached*

[signature]
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☑ No If No, give explanation. If resolved, explain resolution.)

[signature] 5/19/23
Respondent's Signature Date

Ame Nabott RN-13
Respondent's Name (Print) Working Title

E. Parr-Mirza [signature] 5/19/23
Reviewer's Signature Date

E. Parr-Mirza HUM
Reviewer's Name (Print) Working Title

Date Returned to Grievant: 5/23/23

If resolved at Step I, Grievant sign here. Resolution must be described above.

Grievant's Signature Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

Step 1 Grievance Continued...

At the 4/21 exam, Dr. Awosika recognized that I had not been healing properly from my last procedure, and I explained the lack of care I'd been receiving. I informed her about the daily bleeding I suffer from in the affected area, and how it's been treated as a "minor inconvenience" rather than life threatening. It was determined that I had a mass on a blood vessel which could have resulted in severe trauma if not treated in time.

As a result of MRF Medical Staff's refusal to comply with Dr. Awosika's (a Specialist) orders or treatment plans, I have been unnecessarily subject to pain and suffering, bleeding, and an inability to properly treat my wounds for 8-months.

Date: 4/26/23

Myking Smith #583308

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Smith | 580308 | 3-85/B | MRF-23-04-0834-12Z1 |

| | | | | | |
|---|---|---|---|---|---|
| Prisoner Interviewed: YES | ☐ | NO | ☒ | If "NO", Reason: | Prisoner description allowed response from record. |
| Extension Granted: YES | ☐ | NO | ☐ | If "YES", Enter End Date: | IF "YES", Enter End Date |

**COMPLAINT SUMMARY:**

Inmate had an offsite visit with dermatology. Inmate stated he had an extended wait to see the specialist for his follow-up visit and never received his prescribed treatment at MRF.

**INVESTIGATION SUMMARY:**

During my examination of the medical record it was noted the inmates medication was pending ACMO approval and was approved on 5/4/2023. The medication was ordered for delivery to the facility. The inmat'es follow up visit is still pending ACMO approval at this time.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

03.04.100.

**DECISION SUMMARY:**

Grievance partially resolved. Inmate's medication was ordered and will be distributed when received in the facility pharmacy services area. ACMO approval is still pending for additional follow up care with offsite dermatologist.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | Amy LaCott | TITLE: | RN-13 |
| RESPONDENT SIGNATURE: | [signature] | DATE: | 05/19/2023 |
| REVIEWER NAME: | Erin Parr-Mirza | TITLE: | HUM |
| REVIEWER SIGNATURE: | [signature] | DATE: | 05/19/2023 |

**Distribution:** Original - Step I Grievance Coordinator Copies – ~~3 To Grievant~~ (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09

## PRISONER/PAROLEE GRIEVANCE APPEAL FORM

CSJ-247B

Date Received by Grievance Coordinator at Step II: 6/1/23

Grievance Identifier: MTF 2304 0341 12I

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: [illegible] by 6/16/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | 3-05B | 4/21/23 | 6/5/23 |

**STEP II** — Reason for Appeal

This issue is nowhere near resolved. The only information provided was that the ACMO is likewise at fault for delaying my offsite visit and subsequent treatment. If the specialist instructed that I return within 4-6 weeks, it should not have taken 6-months to approve this process. Additionally, Dr. Awosika provided the ACMO (and MTF medical Staff) with the required treatment plan, it has taken weeks to receive the medication. As a result, I am not healing properly and now am suffering additional medical ramifications. If health services refuses to properly treat me, then I am requesting someone be brought in who will do so.

**STEP II** — Response

Date Received by Step II Respondent:

See attached

Respondent's Name (Print) Respondent's Signature Date

Date Returned to Grievant: 6/21/23

**STEP III** — Reason for Appeal

The responses provided at Step 1 and 2 are inefficient and never meant to resolve the issue. I was aware that one appointment had been canceled due to not having appropriate transportation (again failing on MRF), but at no time did the Dermotologist cancel the appointment. The facility did not communicate with one another and they confused my bunkie for me. Once the issue was clarified, it was too late to go to the appointment so the facility canceled it. This is an ongoing issue.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

**Michigan Department of Corrections** **MRF-2023-04-0834-12Z1**

**Grievance Step II Response** **SMITH 580308**

Grievant claims that he has been denied timely care by delay in follow up Dermatology appointment and he did not receive the appropriate treatment requested by Dermatology. Grievant states : On 04/21/2023, I was taken for a follow up appointment at Pinnacle Dermatology with Dr. Awosika. During out initial greeting, she asked me what took you so long to come back? I inquired what she meant, and she told me that after my last visit with her in Aug. 2022, she notified the MDOC that I needed to return for follow up within 4-6 weeks I told her I'd been inquiring with MRF medical staff as to why I hadn't been returned or received the medication prescribed by Dr. Awosika, but MRF staff always claimed they didn't know about it."

Review of grievant's electronic medical record reveals that grievant was seen by Dermatology on 08/26/2023 and it was recommended that the medication Adara be utilized and grievant receive HPV vaccination. There was no mention of a requested follow up appointment by Dermatology noted. On 08/29/2022 a nonformulary request was submitted for Imiquimod 5% topical cream. Nonformulary approval was received on 08/30/2022. On 09/22/2022 Gardasil 9 nonformulary request was submitted . Approval was received on 09/22/2022. Grievant received his Gardasil 9 vaccinations on 09/29/2022, 12/06/2022, and 06/13/2023. Grievant has been seen by nursing and the medical provider on numerous occasions. A Dermatology consultation request was submitted on 02/09/2023. Said request was approved on 02/23/2023. Grievant was seen by Dermatology on 04/21/2023 and a 6 week follow up was suggested. On 04/25/2023 a follow up Dermatology consult request was submitted for approval. On 05/04/2023 approval was received for the Dermatology follow up. On 05/04/2023 grievant's Imiquimod cream was reordered. Grievant was scheduled with Dermatology and appointment was cancelled due to no wheelchair van available to transport grievant to appointment. Grievant was rescheduled for 06/14/2023 and Dermatology cancelled the appointment, and the medical provider was contacted for further direction. Grievant's appointment is currently in the rescheduling process.

Grievant's claim cannot be substantiated. The process of arranging off-site consultation and testing for MDOC offenders has always been a rather complex one. The pandemic has increased the complexity of this process both in the community and within the MDOC. This has resulted in extended wait times in some cases. Grievant is assured that every effort is made to ensure that offenders are scheduled and seen for off-site consultation and testing as swiftly as scheduling constraints and operational resources allow. As outlined above, grievant's has been followed by nursing and the medical provider and has been appropriately referred to Dermatology as needed. Grievant has a Dermatology appointment that is currently pending scheduling. Grievant is encouraged to contact Health Care if he has any further questions or concerns re: this issue. No further resolution may be offered at this time.

Grievance Denied.

| | | |
|---|---|---|
| Michelle Gilbert, RN | *Michelle Gilbert, RN* | June 30, 2023 |
| Respondent Name | Respondent Signature | Date |

MICHIGAN DEPARTMENT OF CORRECTIONS
4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: 6/6/23 RECEIVED JUN 06 2023 GRIEVANCE COORDINATOR

Grievance Identifier: MRF 2304 834 12 2 1

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED - MDOC JUL 10 2023 Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC Office by 6/6/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Smith | 580308 | MRF | 3-85B | 4/21/23 | 6/5/23 |

**STEP II** — Reason for Appeal

This issue is nowhere near resolved. The only information provided was that the ACMO is likewise at fault for delaying my offsite visit and subsequent treatment. If the Specialist instructed that I return within 4-6 weeks, it should not have taken 8-months to approve this process. Additionally, Dr. Awosika provided the MDOC (and MRF Medical Staff) with the required treatment plan, it has taken weeks to receive the medication. As a result, I am not healing properly and now am suffering additional medical ramifications. If Health Services refuses to properly treat me, then I am requesting someone be brought in who will do so.

**STEP II** — Response

Date Received by Step II Respondent:

See attached...

RECEIVED JUN 30 2023 GRIEVANCE COORDINATOR

Date Returned to Grievant: 6/30/23

Respondent's Name (Print) | Respondent's Signature | Date

**STEP III** — Reason for Appeal

The responses provided at Step 1 and 2 are inefficient and never meant to resolve the issue. I was aware that one appointment had been canceled due to not having appropriate transportation (again falling on MRF), but at no time did the Dermatologist cancel the appointment. The facility did not communicate with one another and they confused my bunkie for me. Once the issue was clarified, it was too late to go to the appointment so the facility canceled it. This is an ongoing issue.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

Wellpath

**Step III Grievance Response**

**MYKING SMITH** **580308** 3-85-B

**MRF** **23040834**

Grievant alleges Health Care inappropriately delayed a follow up appointment with Dermatology and did not follow the recommendations made by the offsite Medical Provider.

All documents provided have been reviewed. Step I and Step II responses are upheld at the Step III appeal. In regards to your claim, after reviewing your Electronic Medical Record, your concerns have been addressed.

Grievance appeal denied.

Response of Bureau of Health Care Services Date: 7/21/2023

Approved: *Kari Nader, MA, LLP* Date: JUL 3 1 2023

K. Nader, MA, LLP

AUG 0 1 2023

RD Russell

Richard D. Russell Manager, Grievance Section Office of Legal Affairs

Date Mailed

Ref. # 32722

C: Warden MRF

Regional Health Care Administrator Southern

Grievant

12I

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

RECEIVED

Date Received at Step I: 3/14/23 MAR 14 2023 GRIEVANCE

Grievance Identifier: MRF 23 03 1540 12 I

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Myking Smith | 580308 | MRF | 3-85-B | 3/8-3/9/23 | 3/13/23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 3/9/23
If none, explain why.

I've spoken to numerous nurses as well as ARUS Walsh, RUM Fletcher, and C.O. Jackson. None have been able (or willing) to resolve this issue.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On March 8, 2023, Nurse Magneson came to the unit because I could not get out of bed due to my chronic back pain. I informed her I didn't have the appropriate mattress that I was suppose to have months ago and she said she would speak to the PA about the mattress and pain meds.

On March 9, 2023, I spoke with ARUS Walsh about not being provided with my Black Egg-Shell Foam Mattress and explained the incident from the day before. She told me she'd emailed the HUM and her assistant multiple times but never received a response.

Health Services has been denying me this mattress for months and it has been causing me severe back pains. The mattresses were delivered to the unit on Aug. 26, 2022 but I was on a medrun at the time. One nurse told me they didn't have anymore, while another said they were in the warehouse. This was confirmed by the warehouse supervisor.

At no time has Health Care (from the HUM down to each nurse) bothered to provide me with this mattress despite knowing my severe levels of pain. This denial constitutes deliberate indifference to my serious medical needs and needs to be resolved immediately.

Additionally, I do not wish to be retaliated against for this grievance as is the custom with Health Services.

[signature]
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

Grievance answered remotely.

[signature] 3/21/23
Respondent's Signature Date

[signature] [signature]
Respondent's Name (Print) Working Title

[signature] 3/29/23
Reviewer's Signature Date

Lori Kissau AHSA
Reviewer's Name (Print) Working Title

Date Returned to Grievant: 4/5/23

If resolved at Step I, Grievant sign here. Resolution must be described above.

Grievant's Signature Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| SMITH | 580308 | MRF/3-85B | MRF-23-03-0540-12I |

Prisoner Interviewed: YES ☐ NO ☒ If "NO", Reason: Prisoner Offsite

Extension Granted: YES ☐ NO ☒ If "YES", Enter End Date: Click or tap to enter a date.

**COMPLAINT SUMMARY:**

Grievant reports that he is being denied his medical mattress.

**INVESTIGATION SUMMARY:**

It is noted that the grievant references a "Black Egg-Shell Foam Mattress" -- there is no medial approval for that mattress per review of medical chart. I have reviewed the current approvals as well as grievants medical details/special accommodations; there is an active order for an air mattress.

As reviewed in the medical record, the air mattress was exchanged on 3/8/2023.

**APPLICABLE POLICY PROCEDURE, ETC.:**

Healthcare Services 03.04.100

**DECISION SUMMARY:**

Grievance Denied.

Grievants request, in the grievance, is for a "Black Egg-Shell Foam Mattress" -- there is no medical indication for that to be issued by the medical department. However, there is a special accommodation for an air mattress. As noted above, air mattress was exchanged on 3/8/2023.

Grievant is encouraged to contact medical as needed.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | M. Oaks BSN RN | TITLE: | HUM - STF |
| RESPONDENT SIGNATURE: | [signature] | DATE: | 3/27/2023 |
| REVIEWER NAME: | Lori Kissau | TITLE: | AHSA |
| REVIEWER SIGNATURE: | [signature] | DATE: | 3/29/2023 |

Distribution: Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

MICHIGAN DEPARTMENT OF CORRECTIONS
4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: 4/19/23

RECEIVED
APR 19 2023
GRIEVANCE COORDINATOR

Grievance Identifier: MNF2303 1 5401 / 28I

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC Office by 4/19/2023. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Smith | 580308 | MNF | 3-85B | 3/8-3/9/23 | 4/18/23 |

**STEP II** — Reason for Appeal

The Step 1 Response is flawed at best. A simple review of my medical accommodations will reveal that I was provided an air mattress as well as a medical mattress, i.e., the black egg-shell foam mattress. This medical mattress shows a beginning date of March 30, 2023, although I was approved for it a month prior. Not having this mattress has resulted in unnecessary pain and suffering which could have been avoided. Therefore, I am asking someone to actual investigate the matter rather than a summary denial.

**STEP II** — Response

Date Received by Step II Respondent: 04-20-23

RECEIVED
JUN 07 2023
GRIEVANCE COORDINATOR

PLEASE SEE ATTACHED RESPONSE

Patricia Lamb, RN, BSN — Respondent's Name (Print)
Patricia Lamb, RN — Respondent's Signature
06/05/2023 pl ~~06/01/2023~~ — Date

Date Returned to Grievant: 6/7/23

**STEP III** — Reason for Appeal

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

**Michigan Department of Corrections** **MRF-2023-03-540-12I**

**Grievance Step II Response** **SMITH 580308**

**NOTE:** *An extension was requested and granted for this response to appeal.*

Grievant claims that he has been inappropriately denied an "appropriate mattress" which he describes as a "black eggshell foam mattress." Grievant writes, "Health Services has been denying me this mattress for months and it has been causing me severe back pains."

Review of grievant's medical record reveals that he currently has an accommodation for a "medical mattress." This accommodation was ordered on 3/30/2023. Grievant's air mattress accommodation was discontinued on that same day (an older air mattress entry remains active, presumably an oversight). Documentation indicates that grievant was issued a new air mattress on 3/8/2023. Per this respondent's communication with MRF Health Care, although this recently issued air mattress is no longer functional, grievant continues to leave it on his bunk. It is reportedly located on top of a standard MDOC mattress. Per MRF Health Care, they have no new air mattresses in stock.

Effective 6/17/2022, Medical Service Advisory Committee (MSAC) guidelines were revised to reflect that air mattresses would no longer be issued to prisoners. Instead, a "medical mattress" would be provided for those prisoners who had previously qualified for and been issued an air mattress. Each prisoner's Medical Detail and Special Accommodation Summary (MDS) was to be updated to reflect this change. When the updated MSAC guideline was released in June 2022, a wait time of 60 days was anticipated re: facilities receiving and issuing the new mattresses.

It is acknowledged that grievant is overdue to receive a medical mattress, an issue that has been referred for administrative review and correction. Per MRF Health Care, an order for medical mattresses has been placed and grievant will be issued a medical mattress as soon as possible. Grievant is encouraged to contact Health Care if he has any questions or concerns re: this issue pending his receipt of a medical mattress.

Grievance partially resolved.

| | | |
|---|---|---|
| Patricia Lamb, RN, BSN | *Patricia Lamb, RN, BSN* | June 5, 2023 |
| Respondent Name | Respondent Signature | Date |

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

## PRISONER/PAROLEE GRIEVANCE APPEAL FORM

Date Received by Grievance Coordinator at Step II: 4/19/23

RECEIVED
APR 19 2023
GRIEVANCE COORDINATOR

Grievance Identifier: MNF 23 03 1 540 1 / 28I

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED - MDOC
JUN 15 2023
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC Office by 4/19/2023. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SMITH | 580308 | MRF | 3-85B | 3/8-3/9/23 | 4/18/23 |

**STEP II** — Reason for Appeal

The Step 1 Response is flawed at best. A simple review of my medical accomodations will reveal that I was provided an air mattress as well as a medical mattress, i.e., the black egg-shell foam mattress. This medical mattress shows a beginning date of March 30, 2023, although I was approved for it a month prior. Not having this mattress has resulted in unnecessary pain and suffering which could have been avoided. Therefore, I am asking someone to actual investigate the matter rather than a summary denial.

**STEP II** — Response

Date Received by Step II Respondent:

RECEIVED
JUN 07 2023
GRIEVANCE COORDINATOR

See attached.

Date Returned to Grievant: 6/7/23

Respondent's Name (Print) | Respondent's Signature | Date

**STEP III** — Reason for Appeal

Although the Respondent agreed with me that I was entitled to a medical mattress, I only received another air mattress, not the one she claimed was on the way. As such, this issue remains unresolved.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

Wellpath

## Step III Grievance Response

**MYKING SMITH** **580308** 3-85-B

**MRF** **23030540**

Grievant alleges Health Care inappropriately denied him access to a medical mattress.

All documents provided have been reviewed. Step I and Step II responses are upheld at the Step III appeal. In regards to your claim, after reviewing your Electronic Medical Record, your concerns have been addressed.

Grievance resolved.

Response of Bureau of Health Care Services Date: 7/31/2023

Approved: *Kari Nader, MA, LLP* Date: JUL 3 1 2023

K. Nader, MA, LLP

AUG 0 1 2023

*RDRussell*

Richard D. Russell Manager, Grievance Section Office of Legal Affairs

Date Mailed

Ref. # 32672

C: Warden MRF

Regional Health Care Administrator Southern

Grievant

1221

MICHIGAN DEPARTMENT OF CORRECTIONS RECEIVED
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

FEB 09 2023
GRIEVANCE COORDINATOR

Date Received at Step I 2/9/23 Grievance Identifier: MRF 23 02 0287 12 21

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Myking Smith | 580308 | MRF | 3-85-B | 2/2/23 | 2/7/23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 2/2/23
If none, explain why.

I spoke with Health Care Staff.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On 2/2/23, I arrived at Health Services for a scheduled appointment with PA Ferris, but was told it had been canceled. I then told the officer that I needed to see a nurse because I'd been bleeding nonstop all day. I got the attention of several nurses and explained the situation; and all of them ignored me except for Nurse Holoman. I showed her the bloody wheelchair cushion and told her something needed to be done. She told me "Nurse Ruesh and Silverthorn had been logging everything," but she "couldn't understand why I still suffered after all this time."

I then told her I never have enough wipes to clean up the blood, but this wouldn't be an issue if somebody would just treat the underlying issue. She gave me another pack of wipes, but nothing was ever done to stop or treat my bleeding issue. This has been an ongoing issue, and protocol requires emergency treatment whenever a person is bleeding, let alone bleeding continuously.

[signature]
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

See attached

[signature] 3-8-23
Respondent's Signature Date
Wendy Ball Adm
Respondent's Name (Print) Working Title

[signature] 3/8/23
Reviewer's Signature Date
[illegible] Kurson DW
Reviewer's Name (Print) Working Title

Date Returned to Grievant: 3/10/23

If resolved at Step I, Grievant sign here. Resolution must be described above.
Grievant's Signature Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Smith | 580308 | 3-85B/MRF | MRF-23-02-0297-12Z1 |

| | | | | | |
|---|---|---|---|---|---|
| Prisoner Interviewed: YES | ☐ | NO | ☒ | If "NO", Reason: | Prisoner description allowed response from record. |
| Extension Granted: YES | ☒ | NO | ☐ | If "YES", Enter End Date: | 4/4/23 |

**COMPLAINT SUMMARY:**

The patients' primary complaint is that he was denied treatment on February 2, 2023 for unspecified bleeding. The patient describes showing a nurse blood on a wheelchair cushion. He states he received cleansing wipes from the nurse. He states he has not been treated for the underlying issue.

**INVESTIGATION SUMMARY:**

Investigation of the patients' complaint and the patients' electronic medical record indicates the patient was not evaluated by health care nor issued supplies on February 2, 2023. On February 9, 2023, the patient was evaluated by the medical provider for a complaint of bleeding lesions. A follow up consult for dertmatology was submitted. This request has been approved and scheduled.

**APPLICABLE POLICY, PROCEDURE, ETC:**

PD 03.04.100 Health Service

**DECISION SUMMARY:**

Grievance denied. A denial of treatment has not been demonstrated as stated in the grievance.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | Wendy Ball | TITLE: | HUM |
| RESPONDENT SIGNATURE: | Wendy Ball | DATE: | 3/8/23 |
| REVIEWER NAME: | Jason Kruger | TITLE: | DON |
| REVIEWER SIGNATURE: | [signature] | DATE: | 3/8/23 |

Distribution: Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

**Michigan Department of Corrections** **MRF-2023-02-0297-12Z1**

**Grievance Step II Response** **SMITH 580308**

Grievant claims that he has been denied treatment his bleeding issue. Grievant states " On 02/02/2023, I arrived at health services for a scheduled appointment with PA Ferris, but I was told it had been cancelled. I then told the officer that I needed to see a nurse because I'd been bleeding nonstop all day. I got the attention of several nurses and explained the situation, and all of them ignored me except for nurse Holoman. I showed her the bloody wheelchair cushion and told her something needed to be done. She told me nurse Ruesh and Silverthorn had been logging everything, but she couldn't understand why I still suffered after all this time. I then told her I never have enough wipes to clean up the blood, but this wouldn't be an issue if somebody would just treat the underlying issue. She gave me another pack of wipes, but nothing was ever done to stop or treat my bleeding issue."

Grievant lists date of incident as 02/02/2023.

Investigation determined that grievant's issue was appropriately addressed by the Step I Respondent and is affirmed at the Step II Appeal. Review of grievant's medical record reveals that grievant had a medical provider appointment on 02/01/2023 that was cancelled. No documentation noted of grievant being seen by nursing or receiving additional wipes on 02/01/2023 or 02/02/2023. Grievant was seen by the medical provider on 02/09/2023. Per documentation grievant was evaluated for numerous complaints including said issue. A consultation request was placed for a dermatology appointment. On 02/22/2023 the dermatology request was approved. Grievant has an upcoming dermatology appointment scheduled.

While grievant's concern re: his symptoms is acknowledged and understood, his claim is not supported. It appears that he has been evaluated and treated as deemed appropriate based on his past medical history and current clinical presentation. Grievant is encouraged to discuss his symptoms and concerns with the provider at his scheduled visits, to follow the plan of care as instructed, and to promptly notify Health Care if he experiences acute adverse symptoms in future and/or if he has any further concerns re: chronic symptoms or issues.

Grievance denied.

| | | |
|---|---|---|
| Michelle Gilbert, RN | *Michelle Gilbert, RN* | April 10,2023 |
| Respondent Name | Respondent Signature | Date |

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09

CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: 3/20/23 RECEIVED MAR 20 2023 GRIEVANCE COORDINATOR

Grievance Identifier: MRF 23 02 297 12 Z1

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE. The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED - MDOC APR 24 2023 Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to GC Office by 3/24/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SMITH | 580308 | MRF | 3-85B | 2/2/23 | 3/17/23 |

**STEP II** — Reason for Appeal

There is no indication on the record that the Respondent spoke with any of the individuals mentioned in the grievance. While an offsite Respondent is permitted, it severely hampers their ability to conduct a thorough investigation. This is why she was unable to verify my grievance because she only looked on the computer. It seems counterproductive to believe Health Care staff would document their refusal to provide me adequate treatment. As such, the Respondent had a duty to talk to the individuals (including myself) and review camera footage which would have shown me in Health Care exactly when I said this occurred.

**STEP II** — Response

Date Received by Step II Respondent:

SEE ATTACHED

RECEIVED APR 11 2023 GRIEVANCE COORDINATOR

Date Returned to Grievant: 4/11/23

Respondent's Name (Print) Respondent's Signature Date

**STEP III** — Reason for Appeal

Because of this systemic failure in the grievance process, my grievance was doomed to fail from the beginning. At no time was I interviewed (as required by policy). At no time was an actual investigation conducted other than looking over medical records. And then the Step 2 Respondent was a subordinate of the Step 1 Respondent (also in violation of policy). Therefore, a judge will decide this issue from here on out.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

Wellpath

**Step III Grievance Response**

**MYKING SMITH** **580308** 3-85-B

**MRF** **23020297**

Grievant alleges Health Care did not appropriately address his bleeding concerns.

---

In accordance with PD 03.02.130, this grievance is rejected as failed to attempt to resolve issue with staff. Per the Electronic Medical Record, a written attempt to resolve this issue through a Health Care Request (CHJ-549)/Prisoner Kite for medical services was not found in the EMR.

The grievance tracking number has been changed from MRF-23-02-0297-12Z1 to MRF-23-02-0297-28i in order to reflect the grievance category code at Step III.

Grievance rejected.

Response of Bureau of Health Care Services — Date: 5/1/2023

Kari Nader, MA, LLP

Approved: K. Nader, MA, LLP — Date: MAY 1 0 2023

RD Russell

Richard D. Russell Manager, Grievance Section Office of Legal Affairs

MAY 1 6 2023

Date Mailed

Ref. # 32562

C: Warden MRF

Regional Health Care Administrator Southern

Grievant

1221

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I 1/26 JAN 26 2023 GRIEVANCE COORDINATOR Grievance Identifier: MRF 23 01 0173 12 D1

**Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.**

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Myking Smith | 580308 | MRF | 3-85-B | 1/19/23 | 1/25/23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 1/19/23
If none, explain why.

I've sent numerous kites and spoke with several nurses. My medical needs are not being met at this facility.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On 1/19/23, I had an appointment for a Nurse Sick Call #2. When I arrived, there appeared to be a debate over who would actually see me. Nurse McGinnis even asked if I was a "new ride in," despite our previous encounters. Eventually Nurse Leonard agreed to see me.

I spoke to her about my numerous medical needs and explained how they were not being met. I told her about the continuous bleeding in my groin area (which I showed her the blood), the occasional blood in my stool, my bedsores, rashes, sharp pains due to falling recently, my HPV shot, my shower chair not being provided and my extra pillows. When I showed Nurse Leonard the bloody tissue, she stated, "I can't deal with that right now." I also explained that I've previously spoken with Nurse Silverthorn, Holloway, Edgington,, McGinnis, Daluka, Donahue, Travelin, and Major about all of these issues, and am always told the same thing: "We'll put in a chart review." When Leonard checked the computer for the status of my treatment, she said the only thing showing up was about my rash. Dozens of chart reviews later and I still have not seen a medical provider. Each of these issues has been neglected, resulting in needless infliction of pain and suffering.

Therefore, I am asking to receive proper medical care or be sent to a facility that provides adequate medical treatment to its prisoners.

Myking Smith
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

Prisoner description allowed for response from record.

| | | | |
|---|---|---|---|
| Jill Britton<br>Respondent's Signature | 2/13/23<br>Date | Erin Parr-Mirza<br>Reviewer's Signature | 2/13/23<br>Date |
| Jill Britton<br>Respondent's Name (Print) | A/DON<br>Working Title | Erin Parr-Mirza<br>Reviewer's Name (Print) | HUM<br>Working Title |

| | | |
|---|---|---|
| Date Returned to Grievant: 2/14/23 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature ____ Date ____ |

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Smith | 580308 | 3-85-B/MRF | 20-23-01-0173-12Z1 |

Prisoner Interviewed: YES ☐ NO ☒ If "NO", Reason: Prisoner description allowed response from record.

Extension Granted: YES ☐ NO ☐ If "YES", Enter End Date: Click or tap to enter a date.

**COMPLAINT SUMMARY:**

Mr. Smith is grieving his medical needs are not being met at MRF.

**INVESTIGATION SUMMARY:**

The grievant's medical record has been reviewed. He was assessed for multiple complaints on 1/19/23 by a nurse. Following the assessment, a Medical Provider (MP) referral was completed for futher evaluation and treatment. The grievant was seen by the MP on 2/9/23. He was provided treatment, diagnostic testing was ordered and approval for offsite consultations were submitted.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

P.D. 03.04.100 Health Services

**DECISION SUMMARY:**

You medical needs are being met at MRF. You have been referred for further testing and treatment. Grievance denied.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | Jill Britton | TITLE: | A/DON |
| RESPONDENT SIGNATURE: | Jill Britton | DATE: | 2/13/2023 |
| REVIEWER NAME: | Erin Parr-Mirza | TITLE: | HUM |
| REVIEWER SIGNATURE: | Erin Parr | DATE: | ~~Click or tap to enter a date.~~ 2/13/23 |

Distribution: Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

3/7

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

RECEIVED MAR 09 2023 GRIEVANCE COORDINATOR

Date Received by Grievance Coordinator at Step II: 3/9/23

Grievance Identifier: MRF 2301 1731 221

RECEIVED - MDOC MAR 23 2023 Office of Legal Affairs

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE. The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC Office by 2/28/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SMITH | 580308 | MRF | 3-85B | 1/19/23 | 1/25/23 |

**STEP II** — Reason for Appeal

Respondent attempts to avoid the issue by focusing on the Feb. 9, 2023 appointment instead of responding to the actual issue: being denied treatment on 1/19/23. I explained all the problems I was going through and was told - as usual - that a chart review would be ordered. Sadly, the same thing occurs each time I go to a Health Care appointment. This is why my medical needs cannot be met at this facility.

**STEP II** — Response

Date Received by Step II Respondent:

Step II rejected "untimely"

RECEIVED MAR 10 2023 GRIEVANCE COORDINATOR

| Nemmo | [signature] | 3/10/23 | Date Returned to Grievant: 3/10/23 |
|---|---|---|---|
| Respondent's Name (Print) | Respondent's Signature | Date | |

**STEP III** — Reason for Appeal

The Step 1 response was not provided to me on time as alleged, therefore, I could only request a Step 2 Grievance once the documents were returned. As such, this appeal is not untimely and should have been reviewed on the merits.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

## Step III Grievance Response

**MYKING SMITH** **580308** 3-85-B

**MRF** **23010173**

Grievant alleges Health Care did not appropriately address his medical concerns.

---

In accordance with PD 03.02.130, this grievance is rejected as untimely filing at Step II. Step II decision to reject is upheld at Step III.

The grievance tracking number has been changed from MRF-23-01-0173-12Z1 to MRF-23-01-0173-28e in order to reflect the grievance category code at Step III.

Grievance rejected.

Response of Bureau of Health Care Services

Date: 4/10/2023

Approved: Kari Nader, MA, LLP

K. Nader, MA, LLP

Date: APR 17 2023

APR 20 2023

RD Russell

Richard D. Russell Manager, Grievance Section Office of Legal Affairs

Date Mailed

Ref. # 32486

C: Warden MRF

Regional Health Care Administrator Southern

Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4247 10/94
**PRISONER/PAROLEE GRIEVANCE FORM** CSJ-247A

Date Received at Step I 1/12 JAN 12 2023 GRIEVANCE COORDINATOR Grievance Identifier: MRF 23 01 0097 12 E

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Myking Smith | 580308 | MRF | 3-85-B | 1/7/23 | 1/11/23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 1/7/23
If none, explain why.

I spoke with CO Marenah who witnessed the entire ordeal.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On 1/7/23 around 7:10pm, RN McGinnis was passing out meds in Unit-3. She came down the stairs to give me my meds and nasal spray and I asked her about one of the pills. I told her I was hesitant to take it because of the adverse chemical reactions it causes. She aggressively replied, "Well, you need to tell that to a doctor." I explained that I've seen multiple nurses over the past month or so and never get scheduled to see the doctor. She then turned her back on me and ignored me while delivering someone else's meds. I said "Ma'am" three separate times trying to get her attention and she spun around and got in my face and said, "Are you taking them or what?" I asked why she was talking so aggressively towards me and she put her finger in my face and said, "You're always asking for something. We're tired of your shit." She then snatched the nasal spray out of my hand, except she broke the tip and I still held the bottle itself. CO Marenah then stepped in and stated "Smith, just give her the meds." As she stormed up the stairs, she yelled, "Talk to someone else. I'm sick of this shit. Now write that up."

[signature]
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

Grievance Completed
[initials]

[signature] 2/21/23
Respondent's Signature Date

[signature] Erin Parr-Mirza 3/1/23
Reviewer's Signature Date

M. McCay HUM
Respondent's Name (Print) Working Title

Erin Parr-Mirza HUM
Reviewer's Name (Print) Working Title

| Date Returned to Grievant: 3/2/23 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| SMITH | 580308 | 3-85B/MRF | MRF-23-01-0097-12E |

| | | | | | |
|---|---|---|---|---|---|
| Prisoner Interviewed: YES | ☐ | NO | ☒ | If "NO", Reason: | See Decision Summary for Reason |
| Extension Granted: YES | ☒ | NO | ☐ | If "YES", Enter End Date: | 2/1/2023 |

**COMPLAINT SUMMARY:**

Grievant reports that RN McGinnis treated him in an inhumane manner during medication rounds on 1/7/2023.

**INVESTIGATION SUMMARY:**

It is noted that on 1/7/2023, grievant refused his medication during the PM medication pass that was completed by RN McGinnis.

This responder made contact with both RN McGinnis & CO Marenah regarding this incident.

RN McGinnis does not recall the situation.

CO Marenah reports that RN McGinnis was attempting to retrieve the inhaler from prisoner Smith and prisoner Smith was relustant to hand it to her.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

Healthcare Services 03.04.100

**DECISION SUMMARY:**

Greivance Denied.

No evidence to support grievants claim of inhumane treatment.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | M. Oaks BSN RN | TITLE: | HUM - STF |
| RESPONDENT SIGNATURE: | [signature] | DATE: | 2/27/2023 |
| REVIEWER NAME: | E. Parr-Mirza RN | TITLE: | HUM - MRF |
| REVIEWER SIGNATURE: | [signature] | DATE: | ~~2/27/2023~~ epm 3/1/23 |

Distribution: Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

Grievance Continued...

During his next round, I asked Marenah why he didn't say anything when she had her finger in my face? He replied he didn't see it. (He stood less than a foot away from her the entire time). I told him "I would have been in seg on an assault charge if I'd snatched anything from staff, so why can she get away with it?" He said she'd been working a long time and knew better than to do such a thing.

The entire time McGinnis was yelling at me, had her finger in my face, and snatched the bottle from me, I felt humiliated, intimidated and degraded at having to suffer through this. She has deliberately violated PD 03.03.130, by treating me in an inhumane manner. She has also violated PD 02.03.107 and 02.03.109 as it relates to her code of ethics and deliberately discriminating/harassing me.

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: 3/9/23 RECEIVED MAR 09 2023 GRIEVANCE COORDINATOR

Grievance Identifier: MRF 23 01 0097 12E

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED - MDOC MAR 23 2023 Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC Office by 3/16/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Smith | 580308 | MRF | 3-85B | 1/7/23 | 3/8/23 |

**STEP II** — Reason for Appeal

While Respondent allegedly contacted RN McGinnis and CO Marenah, the investigation should not have ended there. Any time there are cameras available of an incident, a complete investigation cannot be conducted without reviewing the footage. Therefore, a thorough investigation (including reviewing camera footage) must be held at this level.

**STEP II** — Response

Date Received by Step II Respondent:

Step II rejected "untimely"

RECEIVED MAR 10 2023 GRIEVANCE COORDINATOR

Nenno | [signature] | 3/10/23

Respondent's Name (Print) | Respondent's Signature | Date

Date Returned to Grievant: 3/10/23

**STEP III** — Reason for Appeal

The Step 1 response shows that the grievance was returned to me on 3/2/23. I filed the Step 2 appeal on 3/8/23 even though the deadline was 3/16/23. How was this appeal in any way "untimely"? This is simply another attempt to thwart my available remedies.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

**Step III Grievance Response**

**MYKING SMITH** **580308** 3-85-B

**MRF** **23010097**

Grievant alleges the Nurse was unprofessional; states the Nurse did not appropriately address his medication concerns.

In accordance with PD 03.02.130, this grievance is rejected as untimely filing at Step II. Step II decision to reject is upheld at Step III.

The grievance tracking number has been changed from MRF-23-01-0097-12E to MRF-23-01-0097-28e in order to reflect the grievance category code at Step III.

Grievance rejected.

Response of Bureau of Health Care Services Date: 4/10/2023

Approved: Kari Nader, MA, LLP Date: APR 17 2023

K. Nader, MA, LLP

RD Russell APR 20 2023

Richard D. Russell Manager, Grievance Section Office of Legal Affairs Date Mailed

Ref. # 32483

C: Warden MRF

Regional Health Care Administrator Southern

Grievant

RI

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4247 10/94
**PRISONER/PAROLEE GRIEVANCE FORM** CSJ-247A

RECEIVED

Date Received at Step I 1/10 JAN 10 2023 GRIEVANCE COORDINATOR Grievance Identifier: MRF 23 01 0071 12 I

**Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.**

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Myking Smith | 580308 | MRF | 3-85-B | 1/5/23 | 1/9/23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 1/5/23
If none, explain why.

I've spoken with Nursing staff multiple times about this ongoing issue.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

MRF Health Care staff continue to deny me adequate medical care by allowing my medications as well as other details/accommodations to lapse before renewing them. Specifically, I have been waiting on my shower chair, on the extra pillow I'm entitled to, and the liquid soap I'd been receiving. At one point I was told by RN Edgington that the soap had been discontinued, then I was later informed that I'd be put in for a chart review. Then I was told that I needed to send an empty soap-bottle if I wanted it filled. This went on for weeks despite Health Care knowing I have breakouts, bleeding, and bedsores. This soap is the only soap I can use. Not having the pillow or soap is causing unecessary pain to my existing injuries.I have spoken with Nurse Jackson, Nurse Sharon, Nurse Major, and Nurse Hill...all of whom gave me different answers to the same questions.

Because Wellpath and each Nurse entered into a contract with the MDOC to provide adequate medical treatment to prisoners, I am asking that they be held to that contract or be fined for being in breach.

[signature]
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

Bethany Stain, HUM — Respondent's Signature | 2/23/2023 — Date | Erin Parr — Reviewer's Signature | 2/24/23 — Date

Bethany Stain — Respondent's Name (Print) | HUM — Working Title | Erin Parr-Mirza — Reviewer's Name (Print) | HUM — Working Title

Date Returned to Grievant: 3/2/23 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Smith | 580308 | MRF/3-85B | MRF-23-01-0071-12I |

| | | | | | | |
|---|---|---|---|---|---|---|
| Prisoner Interviewed: | YES | ☐ | NO | ☒ | If "NO", Reason: | Prisoner description allowed response from record. |
| Extension Granted: | YES | ☒ | NO | ☐ | If "YES", Enter End Date: | 2/28/2023 |

**COMPLAINT SUMMARY:**

Patient's primary complaint is not having their details updated or provided timely.

**INVESTIGATION SUMMARY:**

Investigation of the patient's complaint and review of the Electronic Medical Record (EMR) were completed. Per the EMR, there is no documented Health Care Request regarding complaints about not receiving a shower chair. There is documentation regarding their extra pillow detail expiring. In this case, the patient's chart was reviewed by the Medical Provider (MP) on 1/11/23 and determined that they would not be renewed at that time. The patient was evaluated by the MP on February 9th for their regularly scheduled appointment, at which time their detail for an extra pillow was extended. The patient's soap was documented provided to them bi-weekly as ordered.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

PD 03.04.100 Health Services

**DECISION SUMMARY:**

Grievance denied.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | Bethany Stain | TITLE: | HUM |
| RESPONDENT SIGNATURE: | Bethany Stain, HUM | DATE: | 2/23/2023 |
| REVIEWER NAME: | Erin Parr-Mirza | TITLE: | HUM |
| REVIEWER SIGNATURE: | [signature] | DATE: | 2/24/23 |

**Distribution:** Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

3½ 3/7

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

RECEIVED

Date Received by Grievance Coordinator at Step II: 3/9/23 MAR 09 2023

GRIEVANCE COORDINATOR

Grievance Identifier: MRF 23 01 0071 12 II

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC Office by 3/16/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SMITH | 580308 | MRF | 3-85B | 1/5/23 | 3/8/23 |

**STEP II** — Reason for Appeal

The issue regarding the soap is still unresolved. I have had multiple problems obtaining the soap even after filing the grievance. A few days ago, while in Health Care, I was told there was no soap, then told I'd be given soap in a urine cup, but that I had to return to the unit to get my own urine cup. When I returned to Health Care, there was a small cup of soap waiting for me...not nearly enough to maintain me until the next refill.

**STEP II** — Response

Date Received by Step II Respondent: 03-10-23

PLEASE SEE ATTACHED RESPONSE

RECEIVED
APR 03 2023
GRIEVANCE COORDINATOR

Patricia Lamb, RN, BSN
Respondent's Name (Print)

Patricia Lamb, RN
Respondent's Signature

04/03/2023
Date

Date Returned to Grievant: 4/3/23

**STEP III** — Reason for Appeal

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White - Process to Step III; Green, Canary, Pink - Process to Step II; Goldenrod - Grievant

**Michigan Department of Corrections** **MRF-2023-01-71-12I**

**Grievance Step II Response** **SMITH 580308**

Grievant claims that MRF Health Care has inappropriately allowed his details and/or special accommodations to lapse. As a result, grievant claims that he is being denied uninterrupted access to a shower chair, an extra pillow, and liquid soap. At Step II grievant indicates that he continues to have difficulty obtaining a sufficient quantity of liquid soap.

Review of grievant's medical record reveals that he has had active accommodations for a shower chair and extra pillows since at least 2020. There is no stop date assigned to these accommodations. His order for liquid soap indicates that it was approved on 4/16/2021. There is no stop date on this accommodation and no specific amount is specified; it appears that it is to be issued every two weeks. Records indicate that grievant was issued a "UA cup" of liquid soap on 3/5/2023. The nurse noted that grievant reported that " he is to receive one pump style bottle of clear dial soap and if HC was out of the pump style that he is to receive 4 UA cups of clear sensitive skin soap." The nurse noted that there was no order to this effect. She indicated that she contacted nursing supervisory staff for further clarification. Grievant reported that he was out of soap when he was seen by nursing staff three days later on 3/8/2023. Grievant again raised the issue of insufficient soap supply at a nursing visit on 3/27/2023. The nurse noted that a follow-up appointment had been made with the medical provider to address grievant's concern re: this issue and others. Records indicate that grievant was most recently issued soap on 4/2/2023. He has multiple provider appointments pending.

Grievant's claim that the accommodations listed above inappropriately lapsed is not supported. All have been active for a period of years. Grievant is advised to contact housing unit staff if he has any current concerns re: access to a shower chair or pillows. It does appear that further clarification is needed re: the quantity of liquid soap to be issued to grievant. Grievant is encouraged to discuss this matter with the provider at his upcoming provider visit. Grievant's Medical Detail and Special Accommodation Summary (MDS) should be updated accordingly; MRF Health Care has been notified of same. Grievant is encouraged to contact Health Care as needed in the interim and in future.

Grievance partially resolved.

| | | |
|---|---|---|
| Patricia Lamb, RN, BSN | *Patricia Lamb, RN, BSN* | April 3, 2023 |
| Respondent Name | Respondent Signature | Date |

MICHIGAN DEPARTMENT OF CORRECTIONS
4835-4248 5/09
CSJ-247B

# PRISONER/PAROLEE GRIEVANCE APPEAL FORM

RECEIVED

Date Received by Grievance Coordinator at Step II: 3/9/23 MAR 09 2023
GRIEVANCE COORDINATOR

Grievance Identifier: MAF 23 01 0071 12 I

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE. The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED - MDOC
APR 25 2023
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC Office by 3/16/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Smith | 580308 | MAF | 3-85B | 1/5/23 | 3/8/23 |

**STEP II** — Reason for Appeal

The issue regarding the soap is still unresolved. I have had multiple problems obtaining the soap even after filing the grievance. A few days ago, while in Health Care, I was told there was no soap, then told I'd be given soap in a urine cup, but that I had to return to the unit to get my own urine cup. When I returned to Health Care, there was a small cup of soap waiting for me...not nearly enough to maintain me until the next refill.

**STEP II** — Response

Date Received by Step II Respondent:

See attached...

Date Returned to Grievant:

Respondent's Name (Print) | Respondent's Signature | Date

**STEP III** — Reason for Appeal

As a result of not receiving an adequate amount of soap for so long, I developed additional sores and blisters. It became increasingly painful to sleep or sit because of the new sores. This was brought to the attention of nursing staff, but due to their deliberate indifference, this likewise went untreated.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

## Step III Grievance Response

3-85-B

**MYKING SMITH** **580308**

**MRF** **23010071**

Grievant alleges the Nurse inappropriately allowed his special accommodation and/or medical detail to expire without renewal.

All documents provided have been reviewed. Step I and Step II responses are upheld at the Step III appeal. In regards to your claim, after reviewing your Electronic Medical Record, your concern(s) have been addressed.

Grievance resolved.

Response of Bureau of Health Care Services Date: 5/17/2023

Approved: Kari Nader, MA, LLP Date: JUN 0 5 2023

K. Nader, MA, LLP

JUN 1 3 2023

RD Russell

Richard D. Russell Manager, Grievance Section Office of Legal Affairs

Date Mailed

Ref. # 32563

C: Warden MRF

Regional Health Care Administrator Southern

Grievant

1221

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

RECEIVED

Date Received at Step I 1/10 JAN 10 2023 GRIEVANCE    Grievance Identifier: MRF 23 01 0070 12 Z1

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MyKing Smith | 580308 | MRF | 3-85-B | 1/2/23 | 1/6/23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 1/2/23
If none, explain why.

This has been an ongoing issue that I brought to the attention of unit staff and Health Services.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On the above date at approximately 1725, I spoke with Unit Officers about me bleeding in my private area. During a round, CO Kamara asked why I didn't speak to the Nurse that was on base? I told him I was in the restroom trying to get the bleeding to stop. He later called medical on my behalf.

By 2000 hours I was sent to medical and seen by Nurse Silverthorn. I showed him that I was bleeding and he asked if it was the same problem he'd seen me for back on Nov. 29, 2022, and I told him yes. He was surprised I had not been evaluated by a PA or NP about the issue, then suggested I needed to go to the hospital. He stepped into the hall and made a phone call before returning and asking me what he could give me for the pain? I asked why he changed his mind about sending me to the hospital and he sighed, "I'm not trying to be an ass or blow you off. I'm just so stressed. It's just me and one nurse doing the meds." He said he would put in "another chart review" to have me evaluated by Ferris, Martino or Joseph. I have received multiple "chart reviews" over the past few months, but have never been treated. As a result, my condition is worsening and causing me unnecessary pain.

[signature]
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☑ No If No, give explanation. If resolved, explain resolution.)

Bethany Stain, HUM — Respondent's Signature — Date: 2/13/2023
Bethany Stain — Respondent's Name (Print) — Working Title: HUM

[signature] — Reviewer's Signature — Date: 2/13/2023
Erin Parr-Mirza — Reviewer's Name (Print) — Working Title: HUM

Date Returned to Grievant: 2/14/23

If resolved at Step I, Grievant sign here. Resolution must be described above.

Grievant's Signature ______ Date ______

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Smith | 580308 | MRF/3-85B | MRF-23-01-0070-12Z1 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Prisoner Interviewed: YES | ☐ | NO | ☒ | If "NO", Reason: | Prisoner description allowed response from record. | |
| Extension Granted: YES | ☒ | NO | ☐ | If "YES", Enter End Date: | 2/28/2023 | |

**COMPLAINT SUMMARY:**

Patient's primary complaint is not being evaluated by the Medical Provider (MP) for their scrotal lesion.

**INVESTIGATION SUMMARY:**

Investigation of the patient's complaint and review of the Electronic Medical Record (EMR) were completed. Per the EMR, there is no documented visit on on near the date indicated regarding a scrotal lesion; however, the patient did submit a Health Care Request documented on January 19th regarding these complaints. The nurse scheduled an MP appointment for the patient's complaints which they were evaluated for on February 9th. A consultation request for the patient to return to dermatology was placed on this date and is pending review.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

PD 03.04.100 Health Services

**DECISION SUMMARY:**

There was no documented visit on or near the date indicated for the stated complaints. This grievance is denied. The patient has since been evaluated by the MP on February 9th with offsite follow up requested.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | Bethany Stain | TITLE: | HUM |
| RESPONDENT SIGNATURE: | Bethany Stain, HUM | DATE: | 2/13/2023 |
| REVIEWER NAME: | Erin Parr-Mirza | TITLE: | HUM |
| REVIEWER SIGNATURE: | [signature] | DATE: | 2/13/23 |

**Distribution:** Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

RECEIVED MAR 0 9 2023 GRIEVANCE COORDINATOR

Date Received by Grievance Coordinator at Step II: 3/9/23

Grievance Identifier: MRF 2301 0070 12 21

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE. The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED - MDOC MAR 2 3 2023 Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to GC Office by 2/28/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SMITH | 580308 | MRF | 3-85B | 1/2/23 | 3/8/23 |

**STEP II** — Reason for Appeal

There has been multiple occasions I've been to Health Care and their documentation did not match up to what was in the computer, or the computer did not match to documents in my possession, so I am not surprised that "[t]here was no documented visit on or near the date indicated..." Again, if there was any question into the validity of the grievance, there was nothing stopping the Respondent from interviewing Nurse Silverthorn. Therefore, this issue remains unresolved.

**STEP II** — Response

Date Received by Step II Respondent:

Step II rejected "untimely"

RECEIVED MAR 1 0 2023 GRIEVANCE COORDINATOR

Respondent's Name (Print): Nenrod
Respondent's Signature: [signature]
Date: 3/10/23

Date Returned to Grievant: 3/10/23

**STEP III** — Reason for Appeal

The Step 1 response was not provided to me on time as alleged, therefore, I could only request a Step 2 Grievance once the documents were returned. As such, this appeal is not untimely and should have been reviewed on the merits.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

Wellpath

**Step III Grievance Response**

**MYKING SMITH** **580308** 3-85-B

**MRF** **23010070**

Grievant alleges Health Care did not appropriately address his genital bleeding concerns.

---

In accordance with PD 03.02.130, this grievance is rejected as untimely filing at Step II. Step II decision to reject is upheld at Step III.

The grievance tracking number has been changed from MRF-23-01-0070-12Z1 to MRF-23-01-0070-28e in order to reflect the grievance category code at Step III.

Grievance rejected.

Response of Bureau of Health Care Services

Date: 4/10/2023

Approved: Kari Nader, MA, LLP

K. Nader, MA, LLP

Date: APR 17 2023

APR 20 2023

Date Mailed

RD Russell

Richard D. Russell Manager, Grievance Section Office of Legal Affairs

Ref. # 32485

C: Warden MRF

Regional Health Care Administrator Southern

Grievant

1221

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

RECEIVED

Date Received at Step I 1/10 JAN 10 2023 GRIEVANCE Grievance Identifier: MRF 23 01 0070 12 I 1

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MyKing Smith | 580308 | MRF | 3-85-B | 1/2/23 | 1/6/23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 1/2/23
If none, explain why.

This has been an ongoing issue that I brought to the attention of unit staff and Health Services.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On the above date at approximately 1725, I spoke with Unit Officers about me bleeding in my private area. During a round, CO Kamara asked why I didn't speak to the Nurse that was on base? I told him I was in the restroom trying to get the bleeding to stop. He later called medical on my behalf.

By 2000 hours I was sent to medical and seen by Nurse Silverthorn. I showed him that I was bleeding and he asked if it was the same problem he'd seen me for back on Nov. 29, 2022, and I told him yes. He was surprised I had not been evaluated by a PA or NP about the issue, then suggested I needed to go to the hospital. He stepped into the hall and made a phone call before returning and asking me what he could give me for the pain? I asked why he changed his mind about sending me to the hospital and he sighed, "I'm not trying to be an ass or blow you off. I'm just so stressed. It's just me and one nurse doing the meds." He said he would put in "another chart review" to have me evaluated by Ferris, Martino or Joseph. I have received multiple "chart reviews" over the past few months, but have never been treated. As a result, my condition is worsening and causing me unnecessary pain.

[signature]
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☑ No If No, give explanation. If resolved, explain resolution.)

Bethany Stain, HUM 2/13/2023
Respondent's Signature Date

Bethany Stain HUM
Respondent's Name (Print) Working Title

[signature] 2/13/2023
Reviewer's Signature Date

Erin Parr-Mirza HUM
Reviewer's Name (Print) Working Title

Date Returned to Grievant: 2/14/23

If resolved at Step I, Grievant sign here.
Resolution must be described above.

Grievant's Signature Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

**MICHIGAN DEPARTMENT OF CORRECTIONS** CSJ-247S 3/18/2019

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Smith | 580308 | MRF/3-85B | MRF-23-01-0070-12Z1 |

| | | | | | |
|---|---|---|---|---|---|
| Prisoner Interviewed: YES | ☐ | NO | ☒ | If "NO", Reason: | Prisoner description allowed response from record. |
| Extension Granted: YES | ☒ | NO | ☐ | If "YES", Enter End Date: | 2/28/2023 |

**COMPLAINT SUMMARY:**

Patient's primary complaint is not being evaluated by the Medical Provider (MP) for their scrotal lesion.

**INVESTIGATION SUMMARY:**

Investigation of the patient's complaint and review of the Electronic Medical Record (EMR) were completed. Per the EMR, there is no documented visit on on near the date indicated regarding a scrotal lesion; however, the patient did submit a Health Care Request documented on January 19th regarding these complaints. The nurse scheduled an MP appointment for the patient's complaints which they were evaluated for on February 9th. A consultation request for the patient to return to dermatology was placed on this date and is pending review.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

PD 03.04.100 Health Services

**DECISION SUMMARY:**

There was no documented visit on or near the date indicated for the stated complaints. This grievance is denied. The patient has since been evaluated by the MP on February 9th with offsite follow up requested.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | Bethany Stain | TITLE: | HUM |
| RESPONDENT SIGNATURE: | Bethany Stain, HUM | DATE: | 2/13/2023 |
| REVIEWER NAME: | Erin Parr-Mirza | TITLE: | HUM |
| REVIEWER SIGNATURE: | [signature] | DATE: | 2/13/23 |

**Distribution:** Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

14 late request 3/7

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09
CSJ-247B

# PRISONER/PAROLEE GRIEVANCE APPEAL FORM

RECEIVED MAR 0 9 2023 GRIEVANCE COORDINATOR

Date Received by Grievance Coordinator at Step II: 3/9/23

Grievance Identifier: MRF 230 1 0070 12 2 1

RECEIVED - MDOC MAR 23 2023 Office of Legal Affairs

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE. The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to GC Office by 2/28/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SMITH | 580308 | MRF | 3-85B | 1/2/23 | 3/8/23 |

**STEP II** — Reason for Appeal

There has been multiple occasions I've been to Health Care and their documentation did not match up to what was in the computer, or the computer did not match to documents in my possession, so I am not surprised that "[t]here was no documented visit on or near the date indicated..." Again, if there was any question into the validity of the grievance, there was nothing stopping the Respondent from interviewing Nurse Silverthorn. Therefore, this issue remains unresolved.

**STEP II** — Response

Step II rejected "untimely"

Date Received by Step II Respondent:

RECEIVED MAR 10 2023 GRIEVANCE COORDINATOR

Date Returned to Grievant: 3/10/23

Nenrod — Respondent's Name (Print)
[signature] — Respondent's Signature
3/10/23 — Date

**STEP III** — Reason for Appeal

The Step 1 response was not provided to me on time as alleged, therefore, I could only request a Step 2 Grievance once the documents were returned. As such, this appeal is not untimely and should have been reviewed on the merits.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

Wellpath

**Step III Grievance Response**

**MYKING SMITH** **580308** 385-B

**MRF** **23010070**

Grievant alleges Health Care did not appropriately address his genital bleeding concerns.

---

In accordance with PD 03.02.130, this grievance is rejected as untimely filing at Step II. Step II decision to reject is upheld at Step III.

The grievance tracking number has been changed from MRF-23-01-0070-12Z1 to MRF-23-01-0070-28e in order to reflect the grievance category code at Step III.

Grievance rejected.

Response of Bureau of Health Care Services

Date: 4/10/2023

Approved: *Kari Nader, MA, LLP*
K. Nader, MA, LLP

Date: APR 17 2023

*RD Russell*
Richard D. Russell Manager, Grievance Section Office of Legal Affairs

APR 20 2023
Date Mailed

Ref. # 32485

C: Warden MRF
Regional Health Care Administrator Southern
Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I ______________ Grievance Identifier: | | | | | | | | | | | | | | | |

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MyKing Smith | 580308 | MRF | 3-83-Bottom | 12-7-2021 | 12-11-2021 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 12-7-2021
If none, explain why.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

This grievance is filed against Macomb Facility's Dr. Mahir H. Al-Salamn, P.A. Ferris, R.N. Wolf, R.N. Dunham, R.N. Magnuson, R.N. Jackson, R.N. Chelsa Scrich, R.N. Gulland, and John Pavitt. On December 7, 2021, I tried to resolve the issues related to the deliberate indifference to my serious medical needs exercised from date I arrived to this facility, MRF. Dr. Al-Salman's deliberate indifference was witnessed by my aide, Mr. Banks #379350, whom I asked to stay in the doctor's office. Dr. Al-Salman asked me was I there for and began to explain and he stopped me and stated: **"I will only address one issue, and it has to be the most important."** I explained to him that I have been trying to get my serious medical needs since my arrival on October 11, 2021 by sending kites and explained to him that I have been bleeding from my scrotum and buttocks area causing me to use more wipes, and requested a pack of wipes a week instead of twice a month. He cut me off and stated: "That's Lansing, they will not give you more. They don't give anyone wipes once a week." He then stated: "Lansing denied you the wipes."

See next pages

[signature]
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

Respondent's Signature _______ Date _______ Reviewer's Signature _______ Date _______

Respondent's Name (Print) _______ Working Title _______ Reviewer's Name (Print) _______ Working Title _______

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

---

I asked Dr. Al-Salman for a name and he stroll in his lap-top and admitted: "They approve you in 2020 for every other week," and also stated: "You seem frustrated" and I replied I was because I have been suffering in pain, bleeding and at that point he got stood up and said: "Well, we can just end this," and I asked him why and he stated: "Just get out of here." He then stormed out of the door and went to get the C/O to get me and my aide out of the room; I was in awe about his actions and I asked for the HUM. The doctor walked down the hall and spoke to a female wearing civilian clothes whom I asked who she was and she stated: "I am the secretary. You don't have anything to speak to me about." I asked her for her name and she refused to provide it. The C/O then told me I was wasting my time because nobody will be talking to me "you will be waiting here 20 hours."

## Pertinent Facts I Tried to Resolve

On October 11, 2021, I arrived to MRF and during intake R.N. Dunham asked basic questions and told me that at 9:00 a.m. I will be called to pick up medications and supplies. I informed her that I needed a "Long handle tooth brush, my extra pillow, my vitamin D-3, Dial anti bacterial soap, Ted Hose, wipes because I have not received my property and I didn't have a shower chair. R.N. Dunham stated she will order those items and schedule me to be see the provider.

Nobody saw me until December 7, 2021, when Dr. Al-Salamn who kick me out of his office after he stated that I dislike my frustation. I told him I really need my "Vitamin D-3" and ignored my statement. On October 27, 2021, I received a Special Accommodation issued by P.A. Ferris who made several changes without examining me as required by PD 04.06.160(K). Furthermore, PD 04.06.160(O) mandates that "A current Medical Detail or Special Accommodation Notice shall be valid at all facilities unless cancelled in accordance with Paragraphs K through N of this policy."

Since my arrival to MRF I had been submitting numerous kites requesting my serious medical needs be addressed. PD 03.04.100(Z)(2) mandates that I should be examined by "a Medical Provider," and PD 03.04.100(3)(c), and (g) mandates that my chronic illnesses" should be addressed; paragraph (3)(g) mandates that a"Medical Provider" should see me to include "Assessing disabilities and arranging for any necessary accommodations or medical details as set forth in PD 04.06.160 'Medical Details and Special Accommodation Notices." Again, nothing was done and when I was called out by Dr. Salman, he acted with deliberate indifference and kicked me out of his office on December 7, 2021.

Pursuant to PD 03.04.100(EE) prisoners with chronic illness which need chronic care "shall be identified in the prisoner's health record." Neither Dr. Al-Salman, or those named in this grievance made a personal choice to act with deliberate indifference, and made a persona choice to continue their deliberate indifference. When I reported to C/O Kovacik my medical emergency due to bleeding on the stools while I was on the toilet, C/O Kovacik called health services and informed R.N. Gallman and I was rushed to health services and R.N. Wolf lift me out of the wheelchair onto the bed and informed R.N. Wolf I came without medical supplies, including my long handle toothbrush, diapers to contain the bleeding and he never even put safety gloves. He just eye ball me but never touched me even after I told

---

him I was bleeding from my testicles and anus. He shrugged his shoulders and stated: "It might be hemorrhoids." He then said, "You think Carson City has a bad medical services. I bet you think we have horrible medical services." I asked him all I need him to do is examine me and he stated that a medical provider would follow up, but Dr. Al-Slaman kicked me out of his examining room. R.N. Magssom and R.N. Jackson have been acting with deliberate indifference to my request for supplies for my serious medical needs.

On December 6, 2021, at approximately 3:00 a.m. I was awaken by an unusual moisture in my private area and notice was blood all over my night garment, managed to get on the wheelchair and went to the desk and reported to C/O Hall and informed him that I had a medical emergency and he talked with R.N. Gullam and hand up the phone and stated that nurse Gullam told I was in health services earlier and there was nothing they could do for me. I told C/O Hall he supposed let me talk to health services pursuant to PD 03.04.100(W)(1)-(3), specifically mandates that I should be able to talk to health services on the phone, be allowed to go to health services, or that a "GHP" shall come and see me to conduct an assessment.

C/O Hall stated "The nurse don't want to speak to you. So, I can't do anything about it." I told C/O Hall he has an imposed duty to call shift-command and report R.N. Gullam refused to address my medical emergency and left me to deal with the blood (pathogens) all over my buttocks and testicles area, including front and back body. I cleaned myself the best I could and the next day was seeing by R.N. Wolf who pulled the diaper full of blood and just stated: "Okay. I will make a note," but never offer me cleaning supplies, cotton balls or anything to clean myself. It is objectively clear those named in this grievance violated PD 04.04.125(I)(1)-(3). PD 03.03.100(G) mandates that prisoners "shall" be provided with health care consistent with "contemporary standards of medical practice in the community . . ." PD 03.03.130(I)(6) mandates that "Staff also prohibited from retaliating against a prisoner" who engages in protected conduct.

Those whose names are included in this grievance made a persona choice to act with deliberate indifference to my serious medical needs. Each was objectively and subjectively aware about the potential risks to my health they knew but chose to disregard. Instead, they have retaliated against me by furthering their deliberate indifference in spite of having constructive knowledge of my serious medical needs, and the stress inflicted by the inhumane treatment I have been subjected. To this date, those named in this grievance have deliberately failed to take any affirmative steps to end their unconstitutional conduct. My First, Eighth and Fourteenth Amendment rights have been violated.

I am respectfully requesting a full investigation and take a corrective action and avoid further retaliatory actions as a result of my decision to engage in protected conduct.

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2019

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| SMITH | 580308 | 3-83B/MRF | MRF-21-12-2703-12D |

| | | | | | |
|---|---|---|---|---|---|
| Prisoner Interviewed: | YES ☐ | NO ☒ | If "NO", Reason: | Prisoner description allowed response from record. | |
| Extension Granted: | YES ☐ | NO ☒ | If "YES", Enter End Date: | Click or tap to enter a date. | |

**COMPLAINT SUMMARY:**

Grievant claims Dr. Alsalman refused to change his detail for wipes from twice a month to weekly. Grievant also alleges he has yet to receive a long-handled toothbrush, extra pillow, Vitamin D3, Dial Antibacterial Soap, Ted Hose and Shower Chair.

**INVESTIGATION SUMMARY:**

Grievant's Electronic Medical Record (EMR) was reviewed. Grievant transferred to Macomb Correctional Facility (MRF) on 10/11/2021 where he was immediately given two packages of wipes. On 11/02/2021, Grievant was given another pack of wipes. On 11/17/2021, Grievant was given a shower chair that had just arrived that same day. On 12/02/2021, the Medical provider (MP) ordered Vitamin D3 labs as previous obtained six months prior were within normal limits. Grievant's Annual Health Screen (AHS) was completed on 12/04/2021 and he was referred to the Medical Provider (MP). On 12/05/2021, Grievant was given two packs of wipes. On 12/07/2021, Grievant had a scheduled visit with the MP that was cut short due to Grievant being "disrespectful" and Grievant's pusher causing a distraction. This appointment was rescheduled and Grievant was seen again on 12/21/2021.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

PD 03.04.100 Healthcare Services; PD 03.02.130 Prisoner/Parolee Grievances.

**DECISION SUMMARY:**

Per your EMR, you created an environment that Dr. Alsalman viewed as disrespectful and distracting; the MP visit was ended and you were seen again on 12/21/2021. Your Vitamin D3 levels have been within normal limits twice now, but the MP still ordered Vitamin D3 supplements. A shower chair has been provided to you. You are getting clear sensititve liquid soap per your detail every two weeks. Wipes will remain at 2 packs per month. You were offered a tooth brush extender and refused it, wanting a different type that you showed a nurse; we are working on ordering that. You have been scheduled to be measured for Ted Hose. Grievance denied. Please complete a Health Care Request Form (CHJ-549) for any further medical concerns.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | J. Saph | TITLE: | A/RN13 |
| RESPONDENT SIGNATURE: | [signature] 1026 | DATE: | 12/27/2021 |
| REVIEWER NAME: | E. Nguyen | TITLE: | A/HUM |
| REVIEWER SIGNATURE: | [signature] 1650 | DATE: | 12/27/2021 |

**Distribution:** Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

**Michigan Department of Corrections** **MRF-2021-12-2703-12D**

**Grievance Step II Response** **SMITH 580308**

Grievant claims that he is being inappropriately denied a medical detail allowing him to receive one package of wipes per week, instead of two packages per month.

Review of the electronic medical record reveals that a medical provider most recently addressed grievant's request for an increased quantity of wipes at a provider visit on 12/21/2021. The provider noted that grievant has approval for two packs of wipes per month. The provider advised grievant that he is getting the amount authorized and more will not be provided. Further chart review reveals that grievant received more wipes than ordered in January (five packs total).

Grievant is advised that the medical provider is both qualified and authorized to determine if any given detail or accommodation is clinically indicated. As grievant has been advised, two packs of wipes per month are currently authorized. MRF Health Care has been instructed to review the schedule of grievant's supply issue to ensure that this order is followed. Grievant may contact Health Care as needed.

Grievance denied.

| | | |
|---|---|---|
| Patricia Lamb, RN, BSN | *Patricia Lamb, RN, BSN* | February 7, 2022 |
| Respondent Name | Respondent Signature | Date |

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: RECEIVED JAN 11 2022

Grievance Identifier: MAF 21 12 2703 12D

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED - MDOC
FEB 16 2022
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: Gl-Office by 1/18/22. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SMITH | 580308 | MAF | 3B | 12-7-21 | 1-7-22 |

**STEP II** — Reason for Appeal The answer provided by the Step II respondent is a paradox. PD 03.04.100(PPP),(RRR) commands that I should have been seeing with "24 hours after arrival." I arrived with "Special Accommodations" per PD 04.06.160(O), and nearly 3-months passed by before I received the prescribed supplies and medications and was seeing by Dr. Alsalman. He and those named in the Step I grievance knowingly acted with deliberate indifference contrary to PD 03.03.130(G), my Eighth Amendment was violated; Dr. Alsalman retaliated against me when I engaged in protected conduct; i.e. I asked to explain to me what he meant by stating he will only address one thing. I objected and he kicked me out of his office when I engaged in protected conduct violating my First Amendment rights. This matter should be taken seriously and resolved.

**STEP II** — Response

Date Received by Step II Respondent:

See attached.

RECEIVED FEB 08 2022

Respondent's Name (Print) | Respondent's Signature | Date

Date Returned to Grievant: 2/8/22

**STEP III** — Reason for Appeal The Step II respondent failed to address the merits of the Step I because K.N. knowingly exclude page 2 and 3 from the Step I grievance to justify acting with a blind eye to the Constitutional violations asserted in the Step I. Clearly the Step II response was illegally determined because the deliberate indifference asserted in the Ste I was not addressed. The "wipes" issue pales in comparison to the violations indicated in the Step I, pages 2 and 3 which established my First, Eighth and Fourteenth Amendment were violated. See pages 2 & 3. Attached.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

3-85B Wellpath

## Step III Grievance Response

MYKING SMITH 580308

MRF 21122703

Grievant alleges the Medical Provider inappropriately denied his request regarding additional wipes.

All relevant information within the electronic medical record has been reviewed. Step I and Step II appropriately addressed this grievance and are affirmed at the Step III appeal. In regards to your claim, after reviewing your Electronic Medical Record, your concerns have been addressed. Grievant is challenging the medical judgment of his Medical Provider. Your disagreement with the judgment of someone qualified and capable of making same does not support a claim for denial of care.

Grievance appeal denied.

Response of Bureau of Health Care Services Date: 3/8/2022

Approved: K. Nader, MA, LLP Date: 3/10/22
K. Nader, MA, LLP

R D Russell
Richard D. Russell Manager, Grievance Section Office of Legal Affairs

MAILED MAR 14 2022
Date Mailed

Ref. # 31424

C: Warden MRF
Regional Health Care Administrator Southern
Grievant

MyKing Smith #580308
Macomb Correctional Facility
34625 26Mile Road
Lenox Township, MI. 48048

US POSTAGE PITNEY BOWES
ZIP 48048 $ 009.45⁰
02 7W
0008038250 JUN 20 2025
GND ADV

RECEIVED
JUN 24 2025
CLERK'S OFFICE
DETROIT

U.S. MARSHALS

complaint

United States District Court
Eastern District of Michigan
231 W. Lafayette Blvd.
Detroit, MI. 48226